## GOBBLE v. MINNICH.

The record of a judgment in an action for a trespass on real estate, brought before a justice, is not evidence against the defendant therein in ejectment by the plaintiff in that suit.

A lease by a stranger to a settler, with an agreement to give him the right of pre-emption, and reciting that the lessee had made the improvement for the lessor's vendor, executed after his alleged settlement commenced, is not evidence for the plaintiff in an ejectment.

IN error from the Common Pleas of Centre.

The plaintiff's title was a descriptive warrant, issued in 1830; surveyed in 1832. The defendant held under an improvement, commenced in 1816. The plaintiff then offered in evidence the record of an action brought by him against defendant, before a justice of the peace, which was for a trespass committed on the lands in question. There had been a reference, by consent, and award for plaintiff. No suggestion that the title came in question, appeared on the record. This was rejected. The plaintiffs then offered in evidence a lease from one Cook to defendant, for the lands in question, executed about 1832. But this lease recited that defendant had made the improvement for Cook's vendor, and it contained an agreement that defendant should have the first chance of purchasing. This was also rejected.

The rejection of the evidence were the errors assigned.

*Levin,* for plaintiff in error.

*McManus* and *Burnside,* contrà.

*June 4.* BURNSIDE, J.—The errors assigned in this court cannot be understood, without presenting the titles of the parties, preceding the offers of evidence, made by the plaintiff as rebutting. The ejectment was for a few acres, and Gobble claimed title under a warrant of the 30th of May, 1830, for 400 acres 151 perches, taken out for vacant land, under the act of 28th March, 1814 (6 Sm. L. 207; Dunl. 308). This act repealed the act of 22d Sept., 1794, so far as required a settlement, improvement, and raising of grain, as well as the act of 1792, as to the price. The defendant's warrant was for 50 acres, of a later date; but it was founded on his improvement, and called for interest from the 5th October, 1816; and he gave evidence of an actual resident settlement commenced, by clearing land in that year, and following it up with the erection of his dwelling-house, and moving with his family on the land; also,

the returning and paying taxes for the quantity he claimed. There was also evidence of an early designation of boundary, about the time he commenced his improvement.

The act of 1814, which authorized the issuing of the plaintiff's warrant, expressly provides, "that nothing in the act shall impair or affect the right of any person who may have actually settled on vacant land before the passing of the act." The deputy-surveyor who located Gratz's warrant (under which plaintiff claimed) on the ground, stated that he had excluded Bressler's cleared land, and that he made the survey without notice to Bressler, or of the extent of his claim, although he was then living on his 50 acres. This he ought not to have done. He ought not to have run along Bressler's improvements, without giving him notice that he was taking in the land adjoining. To destroy Bressler's title, the plaintiff then offered in evidence the docket of Esquire McSherry, of a suit in 1830, in trespass, by Gobble, who claimed under Gratz, against Bressler, which had been referred to men, who had reported in favour of the plaintiff $5 damages. This action rested then, and the damages were afterwards paid by Bressler. It is contended this was evidence of a disclaimer by Bressler, and ought to have been received by the court. We think it was evidence of nothing but the facts as stated. The justice had no jurisdiction in trespass, when the title to land came in question. A wise man would pay $5 damages, rather than have a suit in court.

2. The second error complained of was, in the court rejecting a lease offered in evidence, for one year. It was without date, for the land Bressler then lived on, to David W. Cook. This lease would not benefit the plaintiff, for it was immaterial to Gobble whether the title was in Cook or Bressler.

The deputy surveyor has no right to run on any part of Bressler's claim of 50 acres in the Gratz warrant, on which he was residing. The act of Assembly which authorized that warrant to issue, protected it against the surveying on any portion of his actual settlement, whether it was in fields or woods.

Judgment affirmed.