LOUIS HUFFMAN *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Autrefois convict. Constituent crime. Misdemeanor. Felony.*

   The conviction of a defendant by a justice of the peace of a misdemeanor is not a bar to an indictment for a felony of which the misdemeanor is a constituent; such a conviction for an assault and battery does not bar an indictment for an assault and battery with intent to kill and murder predicated of the same acts.

2. SAME. *Code* 1892, § 1340. *Constitutional law. Constitution* 1890, *sec.* 22. *Jeopardy.*

   Code 1892, § 1340, providing that the conviction of a defendant by a justice of the peace for a misdemeanor shall not bar a prosecution for a felony in the same matter is not violative of Constitution 1890, sec. 22, declaring that a person shall not be twice placed in jeopardy for the same offense.

FROM the circuit court of Tate county.

HON. J. B. BOOTHE, Judge.

Huffman, appellant, was indicted, tried, and convicted of an assault and battery with intent to kill and murder one Stephen Franklin, and appealed to the supreme court.

Defendant filed a plea of former jeopardy, alleging that he had already been convicted on a charge of assault and battery, and that said charge was of and for the same offense set out in the indictment. The state, by its demurrer, admitted that defendant was tried and convicted by a justice of the peace of an assault and battery upon said Franklin, and that it arose out of the same occurrence and state of facts as the charge made by the indictment, all of which was shown by the plea. The plea was held bad and the demurrer to it was sustained. It was contended for appellant that § 1340, Code 1892, is unconstitutional, it being in conflict with sec. 22 of the constitution of 1890.

*S. W. Jones,* for appellant.

It is true that we have a statute which provides that notwithstanding a person may be convicted in a justice's court of a misdemeanor, he may be afterwards prosecuted for a felony growing out of and including such misdemeanor, and if the court should hold this statute (1340) constitutional, it would be useless to pursue this argument further, but I hold that this statute amounts to no more than the blank paper upon which it is written.

No person's life or liberty shall twice be put in danger of punishment for the same offense. This privilege, like many other valuable guaranties in criminal cases, is not the creature of the constitution, but has its roots deeply imbedded in the universal principles of reason and justice, and derives its substance from the ancient and uninterrupted rules and practice of the common law. Black's Constitutional Law, 586; 91 Am.

Dec., 773; 9 Am. Dec., 481. It "is as sacred as the right of a trial by jury, and is guarded with as much care by the common law and by the constitution." 55 Am. Dec., 543.

It was this that the common people of England forced the king at the point of the sword to reincorporate into the great charter of liberty; it was this that made the Federal constitution so objectionable to our forefathers and so hotly contested when being ratified by the several states, and it is this that has rendered the fundamental principles of our criminal law inviolable by any department of the government.

In a criminal transaction there may be more than one crime; or, in other words, there may be a crime within a crime—as, for instance, there may be a larceny within the crime of burglary, or manslaughter within a crime of murder, or a man may be guity of arson, of burning a house wherein a human being is consumed, and so by the same act be guilty also of murder; a crime may be composed and built up of several crimes, each of which is less in degree than each succeeding crime. Take for example this case. The defendant was indicted for assault and battery with the intent to kill. Here, then, are three crimes: assault, which constitutes the least crime; then assault and battery; and then the assault and battery with the intent to kill.

The question before your Honors is whether or not the defendant can be punished for the last offense after having been convicted for the two lesser. The state must choose the crime for which it intends to prosecute, and after this has been done and the defendant has been placed in jeopardy for that one, it cannot afterwards prosecute on the other. In this case the state chose the crime of assault and battery. It could have selected either one of the other two. It had the free and untrammeled right in exercising its powers, in making its choice, and should have from thence and thereafter been estopped from choosing another. 92 Am. St. Rep., 86.

*J. N. Flowers,* assistant attorney-general, for appellee.

Section 1340 of the code cannot be held to be an infringement upon the constitutional provisions protecting persons from having their life or liberty placed in jeopardy more than once for the same offense. Under an indictment based upon the same facts one can be convicted only of a felony, and not for the constituent misdemeanor of which he has already been convicted.

It is not thought necessary to search for authorities to meet those presented by counsel for appellant, since his position seems unreasonable. If the conviction by a justice of the peace of a misdemeanor were held to be an acquittal of the felony committed at the same time and to be proved by the same facts, but embracing such misdemeanor, then justices of the peace would be overwhelmed with business. It would be an easy matter to settle every case of this kind with fine and costs, and every criminal would hasten to the justice of the peace to get such protection. The conclusion is too plain for discussion.

TRULY, J., delivered the opinion of the court.

Appellant's plea of former jeopardy was properly overruled. There was no identity of the offense for which he was here tried and the one of which he had been convicted before a justice of the peace. The fact that it arose out of the same occurrence and state of facts did not render the present prosecution improper. *Smith* v. *State,* 67 Miss., 117 (7 South., 208). The justice of the peace before whom appellant was convicted of assault and battery was without jurisdiction to try and determine the offense for which he is now on trial, and this element is essential to the sufficiency of a plea of autrefois convict. Section 1340, Rev. Code 1892, is not in conflict with, nor violative of, sec. 22 of the constitution of 1890. We think it unnecessary to elaborate this view, as the doctrine is firmly established in many jurisdictions. Am. Dig. (Cent. ed.), vol.

14, col. 1007; *State* v. *Nichols,* 38 Ark., 550; *White* v. *State,* 9 Tex. App., 390; *Commonwealth* v. *Reed,* 4 Lanc. Law Rev., 89. Any other view than the one here announced would lead to endless confusion and uncertainty in the prosecution of crime in this state.

*Affirmed.*