## Commonwealth ex rel. Taylor, Appellant, *v.* Clinton.

*Game law—Killing deer—Justice of the peace—Information—Record—Acts of June 4, 1897, P. L. 123, and April 22, 1905, P. L. 248.*

1. A conviction before a justice of the peace of having unlawfully killed deer will not be reversed because the information did not charge that the deer was killed in Pennsylvania, where it appears that the information was headed "The Commonwealth of Penna., County of Chester, ss.," and charged the defendant with having in his possession in the county of Chester, divers parts of a deer after the same had been unlawfully killed, and it also appears that the justice found as a

fact that the deer had been unlawfully killed in the county of Chester at a date named.

*Pleading—Autrefois acquit—Justice of the peace—Record.*

2. Where a defendant relies on a former acquittal, the plea must set out the former record and show the identity of the offense and persons by proper averments.

3. A plea of former acquittal entered before a justice of the peace must fail if it is not sustained by the production of the record of the judgment of the justice who is alleged to have previously acquitted the defendant.

Argued Nov. 17, 1908. Appeal, No. 63, Oct. T., 1907, by plaintiff, from order of C. P. Chester Co., reversing judgment of justice of peace in case of Commonwealth ex rel. Taylor Bierly v. William Clinton et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Certiorari to judgment of justice of the peace.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in not affirming the judgment of the justice of the peace.

*Thomas Lack,* with him *Alfred P. Reid,* for appellant.—The plea of autrefois acquit is not a bar to a penal action for a penalty: State ex rel. Beedle v. Schoonover, 135 Ind. 526 (35 N. E. Repr. 119).

The complaint of record in this case, and the record of the justice of the peace, set forth all facts necessary to show the jurisdiction of said justice: Com. v. Burkhart, 23 Pa. 521; Com. v. Beilstein, 29 Pa. Superior Ct. 373.

It is further submitted, that the justice of the peace's record in this case sets forth a definite and sufficiently specified offense, independently of the complaint, and is, therefore, sufficient, even though the same offense is indefinitely charged in the information on which process issued: Com. v. Burkhart, 23 Pa. 521.

*Walter S. Talbot,* of *Baldwin & Talbot,* for appellees.—The complaint is defective, in that it fails to set forth that the deer,

portions of which are alleged to have been found in the possession of the defendants, was killed in the commonwealth of Pennsylvania.

In the case of Com. v. Gelbert, 170 Pa. 426; Com. v. Davison, 11 Pa. Superior Ct. 130, the pleas, "autrefois acquit," "former jeopardy" and "The justice has no jurisdiction in this case," entered before Justice PAXSON, were, we submit, if established, as they were, a complete bar to the action: Com. v. Betts, 76 Pa. 465; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Ruth, 34 Pa. C. C. Rep. 650.

OPINION BY MORRISON, J., February 26, 1909:

This case was commenced before a justice of the peace and judgment being entered against each of the defendants, they removed the case into the common pleas on certiorari, and the judgment of that court reversed the judgment of the justice, without filing an opinion, and we are left in the dark as to the court's reasons for so doing. The action was brought under the provisions of the Act of June 4, 1897, P. L. 123, and of the Act supplemental thereto of April 22, 1905, P. L. 248. By the provisions of both of said acts, the having in possession the body or skin, or any part thereof, of a game quadruped at any time except during the open season for such game in this state, and fifteen days thereafter, shall, in every instance, be prima facie evidence that the same is held or possessed in violation of law. The wording of the two acts is slightly different upon this subject, but they are substantially the same. It was alleged by the defendants in the court below: 1. "That the complaint of record is insufficient, in that it does not show that the offense was committed in Pennsylvania. 2. That the complaint of record failed to show any offense punishable under the laws of said commonwealth. 3. That the record of the justice does not show any evidence to sustain the judgment. 4. That the justice was without jurisdiction to hear the case, or to impose a fine, because the defendants had previously had a hearing before another justice on the same charge and the case against them had been dismissed."

As to the first exception, we do not consider it valid. The

information made before S. M. PAXSON, justice of the peace, on December 13, 1905, charges that the defendants did on November 9, 1905, at the county of Chester aforesaid, have in their possession, after the same had been unlawfully killed, divers parts of a certain game quadruped, commonly called a deer, before the commencement of the open season, to wit: November 15, 1905, for the lawful killing and the having in possession of the same, contrary to the form of the act of assembly, entitled, etc., and then giving the title and date of both acts of assembly hereinabove referred to. The only serious criticism made in regard to this information is that it does not charge that the deer was killed in the commonwealth of Pennsylvania. But the information is headed the commonwealth of Penna., county of Chester, ss., and it charges the defendants with having in their possession, at the county of Chester, divers parts of a deer after the same had been unlawfully killed. This we think was equivalent to saying that it was killed in Pennsylvania. If not killed in Pennsylvania, the act of such killing would not be unlawful under our acts of assembly. The justice took ample testimony and returned the same with his record showing that the deer was killed within the county of Chester; and in addition to that he found not only that the defendants were guilty of the offenses charged against them in the complaint, but he distinctly found the facts that the deer had been unlawfully killed in the county of Chester and the date of such killing. We, therefore, hold that the information and record made by Justice PAXSON are sufficient to sustain his judgment. There is no merit whatever in the second and third exceptions.

There only remains for consideration the fourth exception. This is to the effect that the defendants were arrested and had a hearing before another justice on the same charge, previous to the hearing before Justice PAXSON, and that they were acquitted by him. In point of fact the defendants pleaded before Justice PAXSON, "autrefois acquit." The point is made by appellant's counsel that this is an action for the recovery of a penalty, and not a criminal proceeding. Therefore, the plea is not good because it is only a proper plea in a criminal case. Appellee's counsel concedes, in his printed argument, that this

plea does not apply to actions strictly for the recovery of penalties. But he contends that the present suit is, in its nature, for the punishment of a criminal offense and that his plea is good. The defendants were arrested on a warrant and brought before Justice PAXSON, and they were in all respects treated as criminals, and the judgment against them was that in default of the payment of $100 by each defendant, he should be confined in the jail of Chester county for the period of 100 days. If the record sent to the court below by Justice PAXSON properly shows that the defendants were arrested, tried and acquitted before another justice for the identical offense with which they were charged before Justice PAXSON, we would hesitate before holding that the defendants could be again tried, convicted, fined and imprisoned for the identical offense. heard and disposed of by Justice TOLAND. But we do not find that a former acquittal before Justice TOLAND was properly proved in the hearing before Justice PAXSON, and the latter justice expressly found that the defendants' plea of a former acquittal was not sustained. There is printed in the appellant's paper-book an information before Justice TOLAND, a transcript from his docket and considerable oral testimony that the defendants were arrested and acquitted by Justice TOLAND. It appears that the latter justice was a witness before Justice PAXSON, and that he testified he had a transcript of the case before himself in his hand. All of the oral testimony as to the former trial and acquittal of the defendants was objected to by the appellant's counsel, and we think it was all improper except in so far as it tended to prove the identity of the defendants and of the cause of action before the two justices. The fatal defect in the defendants' proofs of a former acquittal was the failure to produce the record of the judgment of Justice TOLAND: Where the defendants rely on a former acquittal, the plea must set out the former record and show the identity of the offense and persons by proper averments: Hawkins, Pl. Cr., b. 2, c. 36; 1 Chitty, Crim. Law, 462; Allen v. International Text Book Co., 201 Pa. 579. We regard the law as settled that the former acquittal could only be sustained by producing the record of the judgment of Justice TOLAND and placing the same in evidence; then

following this with sufficient evidence of the identity of the defendants and of the cause of action. The record does not show that the docket and judgment of Justice TOLAND were produced before Justice PAXSON and put in evidence. This fact renders all of the oral testimony as to the identity of the defendants and the cause of action irrelevant and immaterial, and, therefore, the finding of Justice PAXSON that the plea of a former acquittal was not sustained cannot be said to be erroneous.

No question has been raised in this case in regard to the right of appeal. If authority is wanted to sustain the proposition that the judgment of the court below is not final, in the present case, under the provision of sec. 22 of the Act of March 20, 1810, 5 Sm. L. 161, we cite Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Betts, 76 Pa. 465; New Castle v. Genkinger, 37 Pa. Superior Ct. 21.

The assignments of error are all sustained and the judgment of the court of common pleas is therefore reversed, and that of the justice is affirmed, and the record is ordered to be remitted to the court below for the purpose of execution.