## Commonwealth *v.* Beatty et al., Appellants.

*Dog law—Unlawful killing of dog—Sections 22 and 23 of the Act of May 11, 1921, P. L. 522—Information—Sufficiency—Autrefois acquit.*

In a prosecution under Section 23 of the Act of May 11, 1921, P. L. 522, charging defendant with unlawfully killing a dog it is not necessary to aver that defendant was not within the exception established by Section 22 of the act. If the defendant is within the exception it is for him to show it at the trial.

A discharge on complaint of malicious mischief and trespass would not operate as an acquittal of unlawfully killing a dog under the Dog Law of 1921, even though relating to the same occurrence.

*Practice—Certiorari—Summary convictions—Act of March 20, 1810, 5 Smith Laws, 161, Section 22—Appeals—Review by appellate court.*

The provision in Section 22 of the Act of March 20, 1810, 5 Smith Laws, 161, that a judgment of the Court of Common Pleas shall be final on all proceedings removed to it by certiorari and that no writ of error shall issue thereon only applies to the jurisdiction given by said act, not to summary convictions. But the appellate court will review only such assignments of error as were filed in the court below by way of exception to the proceedings before the alderman.

Argued April 25, 1927. Appeal No. 203, April T., 1927, by defendants from judgment of C. P. Butler County, March T., 1927, No. 72, in the case of Commonwealth of Pennsylvania v. Wesley Beatty, Ray Beatty and Charles Beatty. Before HENDERSON, TREX-

LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Certiorari to common pleas from summary conviction for violation of Act of May 11, 1921, P. L. 532, Section 23. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

The Court affirmed the judgment of the alderman. Defendants' appealed.

*Errors assigned,* among others, were the various rulings and the order of the Court.

*Quincy D. Hastings,* for appellant, cited: Commonwealth v. Nesbit, 34 Pa. 398; Commonwealth v. Borden, 61 Pa. 272; Commonwealth v. Davison, 11 Pa. Superior Ct. 130; Commonwealth v. Corson, 36 Pa. Superior Ct. 7; Commonwealth v. Divoskein, 49 Superior Ct. 614; Shryock v. North Braddock Borough, 43 Pa. Superior Ct. 508; Commonwealth v. Antone, 22 Pa. Superior Ct. 412; Pennsylvania v. Kirkpatrick and Menough, 1 Addison 193; Commonwealth v. Yokum, 29 Pa. Superior Ct. 428.

*William H. Martin,* for appellee, cited: Commonwealth v. Gelbert, 170 Pa. 426; Commonwealth v. Cannon, 32 Pa. Superior Ct. 78; Commonwealth v. Ayers, 17 Pa. Superior Ct. 352; Johnston v. Commonwealth, 22 Pa. 102.

OPINION BY KELLER, J., July 8, 1927:

Appellants were convicted in a summary proceeding before an alderman of violating section 23 of the Dog Law of 1921 (Act of May 11, 1921, P. L. 522) by unlawfully killing the prosecutor's dog, which bore a license tag for the current year; and were sentenced to pay a fine and costs. By allowance of the Court of Common

Pleas of Butler County the proceedings of the alderman were returned to said Court pursuant to a writ of certiorari, and after argument the judgment of the alderman was affirmed. The defendants have appealed to this court.

The provision in section 22 of the Act of March 20, 1810, 5 Sm. L. 161, 172, that the judgment of the Court of Common Pleas shall be final on all proceedings removed to it by certiorari and that no writ of error shall issue thereon, only applies to the jurisdiction given by said Act and not to summary convictions: Com. v. Burkhart, 23 Pa. 521. Hence an appeal properly lies to this court, but will operate only as a certiorari: Com. v. Climenti, 89 Pa. Superior Ct. 195; and our review is limited to such assignments of error as were filed in the court below by way of exception to the proceedings before the alderman. These may be grouped under two main grounds of complaint.

(1) Appellants complain that the information did not aver that the dog was not killed while in the act of pursuing, worrying or wounding any live stock, or wounding or killing poultry, or attacking human beings, within the exception of section 22 of the Dog Law aforesaid; but the court below correctly held that the exception provided by the 22nd section of the Act was not part of the enacting clause of the 23rd section and did not have to be negatived in the information. An information in a summary proceeding is not required to have the exact nicety of an indictment; and we held in Com. v. Neal, 78 Pa. Superior Ct. 216, that even in an indictment, a similar exception did not have to be negatived, but if the defendant claimed to be within such exception, it was for him to show it at the trial.

(2) Appellants insist that they were entitled to their discharge under their plea of *autrefois acquit;* but as pointed out by the learned court below such plea required a favorable finding of fact before the plea

could become effective in discharge of the defendants, and this question of fact the alderman—who was the trier of fact—found against them. Had the defendants asked for an appeal instead of a writ of certiorari, this question of fact would have been triable before a judge of the Court of Quarter Sessions de novo, but on a writ of certiorari the finding of fact of the alderman, if based on any evidence appearing in the case, could not be set aside by the Court of Common Pleas. A review of the evidence fails to satisfy us that the finding of the alderman was without basis in the evidence. That the defendants had been tried on some charge growing out of the same occurrence complained of in this proceeding is without question, but that it was upon the same charge is open to doubt. The information, which was the foundation of the proceedings (Com. v. Gelbert, 170 Pa. 426), was lost or mislaid and could not be produced. The warrant in the first proceeding admittedly only charged the defendants with malicious mischief and trespass. The entries in the docket of the justice of the peace relative to the prior proceedings were not made at the time of the trial, and could not extend the charge beyond what was contained in the information. A discharge on complaint of malicious mischief and trespass would not operate as an acquittal of unlawfully killing a dog under the Dog Law of 1921, even though relating to the same occurrence, any more than an acquittal of receiving stolen goods would bar a prosecution for larceny growing out of the same event. The plea is bad if the several offences are distinct in point of law however clearly they may be connected in fact. Burton v. U. S., 202 U. S. 345, 380. The question of fact involved in the plea of *autrefois acquit* having been found against the defendants, the court below could not, as the case came before it, set aside the finding.

No question was raised in the court below as to the joint sentence imposed. Nor was it assigned for error

in this court. Our failure to consider it in the present certiorari must not be understood as an approval of it.

The judgment of the Court of Common Pleas is affirmed.