## Commonwealth, Appellant, *v.* Bergen.

Argued October 18, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Franklin E. Barr,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellant.

*W. Wilson White,* of *White & Clapp,* with him *C. Laurence Cushmore, Jr.,* for appellee.

OPINION BY KELLER, P. J., January 31, 1939:

On February 3, 1938 a true bill of indictment was returned against Isaac Bergen to No. 1760 January 1938 Sessions of the Court of Quarter Sessions of Philadelphia County [Appeal No. 307] charging (1) that the said defendant on December 27, 1937 with force and arms, etc., unlawfully did make an assault upon the body of one Charles A. Mulhern, and the said Charles A. Mulhern then and there unlawfully did kill and slay [1]; and (2) that the said defendant, on December 26, 1937, at the county aforesaid, with force and arms, etc., unlawfully did make an assault upon the body of one Charles A. Mulhern, and then and there unlawfully did give to the said Charles A. Mulhern a mortal wound, of which said mortal wound the said Charles A. Mulhern did languish, and languishing did live from December 26, 1937 to December 27, 1937, on which latter day, December 27, 1937, the said Charles A. Mulhern did of said mortal wound die at the county aforesaid, etc.; and that the said defendant so unlawfully did kill and slay the said Charles A. Mulhern in manner and form aforesaid.[2]

---

[1] See the Act of April 28, 1871, P. L. 244.

[2] See *Lutz v. Com.,* 29 Pa. 441; *Com. v. Bell,* Addison 156, 167-168, 172-173.

On March 14, 1938 a true bill of indictment was returned against the said Isaac Bergen to No. 339 March 1938 Sessions, of said court [Appeal No. 306], charging that the said defendant on February 4, 1938, (1) did commit an assault and battery, etc. upon Nancy Stauffer, Hannah Mulhern, Howard Mulhern and Thelma Mulhern; and (2) did commit an assault upon the said persons and unlawfully and maliciously did inflict upon them grievous bodily harm, etc. ('aggravated assault and battery').

Defendant was arraigned in open court on both indictments on June 24, 1938 and pleaded, Not guilty, and, in addition thereto, the same day filed an identical special plea to each of said indictments, to wit:

"2. Not guilty, by reason of the following special matter, to wit:

"That on January 10, 1938, in the county aforesaid, in a proceeding in which the Commonwealth of Pennsylvania was plaintiff and the said defendant was defendant, to wit, the case of *Commonwealth of Pennsylvania v. Isaac Bergen,* before James W. McBride a duly elected magistrate of said county and Commonwealth having jurisdiction under law, to wit, the Act of June 29, 1937, P. L. 2329, Section 3, amending Section 1001 of the Vehicle Code of May 1, 1929, P. L. 905, it was duly and finally adjudicated that the defendant was not guilty of any violation of the said Section 1001(a) of the said Vehicle Code of May 1, 1929, P. L. 905, as amended by Section 3 of the said Act of June 29, 1937, P. L. 2329, as aforesaid, that is to say that the said defendant was not guilty at the time and place charged in the indictment, to wit, on the 26th day of December, 1937, of driving any vehicle upon any highway carelessly or wilfully or wantonly disregarding the rights or safety of any others or in any manner so as to endanger any person or property. And this the said defendant is ready to verify."

To these special pleas the District Attorney, the same

day, entered a separate demurrer in each case, to wit, that the said special plea as above pleaded and set forth "is not sufficient in law to bar or preclude the Commonwealth from prosecuting the said indictment against [the said defendant], and that the said Commonwealth is not bound by law to answer the same."

The court, after argument, entered judgment for the defendant on each demurrer, and discharged the defendant on both indictments. The Commonwealth appealed. The judgments will be reversed.

1. In the first place, by referring to the indictments, which we have recited more fully than otherwise we would have done, it will be seen that in neither of them is there any reference whatever to the Vehicle Code of May 1, 1929, P. L. 905, or its amendment of June 29, 1937, P. L. 2329, nor any averment that a motor vehicle was involved in the offenses charged, nor any charge that the defendant had on December 26, 1937 driven any vehicle carelessly or wilfully, or wantonly disregarding the rights and safety of others so as to endanger any person or property, in violation of section 1001(a) of said Vehicle Code. No bill of particulars had been asked for in either indictment, and a plea which sets up the defense of former acquittal to a supposititious charge not contained in the indictment is bad and should be overruled on demurrer. While in these days indictments for involuntary manslaughter frequently grow out of automobile accidents, involuntary manslaughter is not limited or confined to such cases, but in the words of the Criminal Code of March 31, 1860, P. L. 382, sec. 79, it is "manslaughter happening in consequence of an unlawful act." Nor is involuntary manslaughter arising in connection with motor vehicles confined to those caused by reckless driving. We pointed out in *Com. v. Gill,* 120 Pa. Superior Ct. 22, 182 A. 103, that where the *negligent* conduct of the defendant was relied on as the ground for prosecution for involuntary manslaughter, in order to secure a conviction

there must be shown some element of rash or reckless conduct, which approximates acting in an *unlawful* manner; but we also said, (p. 35) : "Of course, in this discussion, we have paid little attention to the first class of cases of involuntary manslaughter, viz., where one while doing an unlawful act, accidentally kills another; for in such case, the degree of negligence, if any, is not important. If the act is unlawful—that is, is forbidden by law, illegal, contrary to law,—and the death of another results as a consequence of it, it constitutes involuntary manslaughter."

It does not follow, therefore, that even if the alleged unlawful killing in No. 307 arose out of an automobile accident,—as to which the indictment was wholly silent —it was in consequence of the reckless driving of the defendant rather than some other act forbidden by law and therefore unlawful. And as to Appeal No. 306, where the indictment charged assault and battery and aggravated assault and battery, in order to secure a conviction the conduct of the defendant must be so gross or wanton that an *intent* to injure may be inferred (*Com. v. Kalb*, 129 Pa. Superior Ct. 241, 243, 195 A. 428), which is necessarily lacking in involuntary manslaughter, (*Com. v. Ochs*, 91 Pa. Superior Ct. 528, 531), for the fundamental element of involuntary manslaughter is that it must be unintentional, accidental, involuntary.

2. In the second place, it is well established in this State that where a former acquittal is pleaded in bar to an indictment, and the plea is demurred to by the Commonwealth, "the question whether the former acquittal was for the same offense depends on the record pleaded and not on the arguments or inferences deduced therefrom": *Com. v. Shoener*, 30 Pa. Superior Ct. 321, 326, affirmed by the Supreme Court in 216 Pa. 71, 76, 80, 64 A. 890; *Com. v. Greevy*, 271 Pa. 95, 100, 114 A. 511; *Com. v. Hazlett*, 16 Pa. Superior Ct. 534, 548; *Com. v. Trimmer*, 84 Pa. 65, 70. A demurrer does not

admit "conclusions or arguments, ...... or the truth of the allegations which are contradicted by the documentary exhibits": *Chester City v. Paxson,* 76 Pa. Superior Ct. 40, 45. See also, *Getty & Morris v. Penna. Institution,* 194 Pa. 571, 45 A. 333; *Henzel v. Patterson B. & L. Assn.,* 128 Pa. Superior Ct. 531, 533, 194 A. 683; *Com. ex rel. Armstrong v. Commrs. of Allegheny County,* 37 Pa. 277; *Com. ex rel. Davis v. Blume,* 307 Pa. 406, 411, 161 A. 551. Where a defendant relics on a former acquittal, the plea must set out the former record and show the identity of the offense and person by proper averments, and the plea must be sustained by the record: *Com. v. Clinton,* 38 Pa. Superior Ct. 573. While the proceedings before a city magistrate or justice of the peace are not in a court of record (Constitution Art. V, sec. 10), the transcript of them as contained in the docket of the officer is considered a record for such purposes (*Com. v. Clinton,* supra; *Holly v. Travis,* 267 Pa. 136, 140, 110 A. 230; *Hazelett v. Ford,* 10 Watts 101; *Delco Mfg. Co. v. Frick Co.,* 318 Pa. 337, 340, 341, 178 A. 135), and it is by that record that the plea of former acquittal must be passed upon and sustained.

The plea filed in these cases does not purport to set forth the judgment or adjudication of the magistrate in the very words rendered by him. The court below, which apparently had the record before it, said "it appears that what actually occurred in the magistrate's court was, that the magistrate heard all of the witnesses and made an order discharging the defendant on the complaint of reckless driving under section 1001(a) of the Vehicle Code, and held defendant in bail for court on the charge of manslaughter and assault and battery by automobile."

The court then said: "It is beyond doubt that the effect of the order made by the magistrate 'discharging' defendant on the reckless driving charge was equivalent to a finding of not guilty. See *Commonwealth v. Benson,* 94 Pa. Superior Ct. 10, 15."

The learned court misunderstood our decision in *Com. v. Benson*, supra. We made no ruling that a discharge by a magistrate or alderman was in all cases equivalent to a finding of not guilty. After giving the dictionary definitions of 'discharge' and 'acquit' and showing that the former was given as one of the synonyms of the latter, we said: "A majority of this court are of opinion that the judgment of the court below, *considered in connection with the opinions discussing the evidence, shows a clear intent to find the defendants innocent* of a violation of the Act of 1794 and *to discharge them because of that finding*, and that it amounts to a 'distinct and unequivocal judgment upon the facts and the law applicable to those facts' (*Com. v. Congdon*, supra), [74 Pa. Superior Ct. 286] equivalent to a judgment of acquittal." Standing by itself, the discharge would not have been held to amount to an acquittal, for while every acquittal is a discharge, every discharge is not an acquittal. It was because the opinions discussing the evidence showed a clear intent to find the defendants innocent and to discharge them *because of that finding*, that a majority of the court—some of the judges felt that even in those circumstances it was not equivalent to a judgment of not guilty—were of opinion that it amounted to a judgment of acquittal.

But in *Com. ex rel. v. Pahlman*, 118 Pa. Superior Ct. 175, 178, 179 A. 910 where a judgment *discharging* the defendant was rendered in connection with an opinion which showed an intent not to find the defendant innocent on the facts, but that he was entitled to a discharge because the signs erected along the street did not show by what authority they were posted, we held it was not the equivalent of a judgment of acquittal but rather a quashing of the summary conviction on a question of law or a discharge in arrest of judgment, which was subject to appeal by the Commonwealth.

If therefore the charges in connection with these indictments grew out of alleged reckless driving of a

motor vehicle by the defendant, as to which there is nothing in the indictment, it would seem that the act of the magistrate in holding the defendant to bail for court on the charges of manslaughter and assault and battery by automobile, which necessarily carried with it the finding by the magistrate of a prima facie case of reckless driving by the defendant, is so incompatible with a finding of not guilty of that charge, that it is impossible to hold that the discharge was equivalent to a judgment of acquittal; that it rather required a finding that the magistrate having, upon a hearing of the evidence, returned the charges of misdemeanor to the court of quarter sessions to be presented to the grand jury for indictment and placed the defendant under bail to answer them in that court, he dismissed the minor charge, which the statute required to be prosecuted within fifteen days by summary conviction, and discharged the defendant so that he might not be subjected to a double penalty for any act entering into the greater offenses which he would be required to meet in the quarter sessions, and to try which the magistrate had no jurisdiction.

In such circumstances, a discharge, instead of showing an intention to acquit on the facts, shows just the opposite.

3. Furthermore, there is another thing to be considered. Sir William Blackstone in his Commentaries (Book IV, p. 336) said: "It is to be observed that the pleas of *autrefois acquit* and *autrefois convict,* or a former acquittal and former conviction, must be for the same identical act and crime," and, throughout, the cases refer to *indictments.* In *Burton v. United States,* 202 U. S. 344, 380, Mr. Justice HARLAN speaking for the Supreme Court of the United States said: "In our judgment, the defendant cannot plead his acquittal upon the charge of having received forbidden compensation *from Mahaney* in bar of a prosecution upon the charge of having received such compensation

*from the company.* A plea of *autrefois acquit* must be upon a prosecution for the same identical offense. 4 Bl. 336. It must appear that the offense charged, using the words of Chief Justice SHAW, 'was the same *in law* and *in fact.* The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, *however nearly they may be connected in fact.' Commonwealth v. Roby,* 12 Pick. 496, 504." In *Com. v. Roby,* 12 Pickering 496, referred to by Mr. Justice HARLAN in the above case, it was held that conviction for assault with intent to murder did not bar a conviction for murder committed by the same act. In *Wilson v. State,* 24 Conn. 57, 63, 64, it was held that a conviction for larceny was not pleadable in bar against a subsequent indictment for felonious entry immediately preceding the larceny.

The ruling in each case was based on the fact that, as the law then stood, on the trial of the indictment for the greater offense there could have been no conviction of the lesser.

The same reason was at the bottom of the decision in *Com. v. Greevy,* 271 Pa. 95, 114 A. 511, where the defendant was acquitted of murder, and subsequently on the same evidence was convicted of involuntary manslaughter; since murder and involuntary manslaughter could not be joined in the same indictment.

In *Hans Nielsen, Petitioner,* 131 U. S. 176, the court, speaking through Mr. Justice BRADLEY, said: "and in order that an acquittal may be a bar to a subsequent indictment for the lesser crime, it would seem to be essential that a conviction of such crime might have been had under the indictment for the greater."

In the present case there could be no conviction for reckless driving, as defined in section 1001(a) of the Vehicle Code, on the trial of the defendant on the indictments for involuntary manslaughter or assault and battery, *for it is not an indictable offense,* but only punishable upon summary conviction before a justice

of the peace, alderman or magistrate.

While the decisions and authorities dealing with the pleas of former acquittal and former conviction almost universally relate to *indictable* offenses, we have, in this State, extended it by analogy to summary proceedings before a justice of the peace, alderman or magistrate to the extent that an acquittal or conviction in such a proceeding will be a bar to a conviction on a subsequent summary proceeding brought *before the same or another inferior magistrate for the same matter*. See *Marsteller v. Marsteller,* 132 Pa. 517, 19 A. 344; *Com. v. Beatty,* 91 Pa. Superior Ct. 37. But we have found no well considered case where an acquittal in a *summary proceeding* before a justice or other inferior magistrate was held to be a bar to an *indictment* for a felony or misdemeanor in the court of quarter sessions or oyer and terminer, where on the trial of such indictment the defendant could not be convicted of the offense heard before the justice, because it was not an indictable crime or misdemeanor; and where the justice or inferior magistrate had no jurisdiction to try the crime of which the defendant was afterwards indicted in the court of quarter sessions or oyer and terminer. In *Com. v. Bolton,* 64 Pitts. L. J. 305 and *Com. v. Rosenkranz,* 1 Lack. Jur. 455, the defendant was tried before a justice and a jury of six for assault and battery, under the special Act of May 1, 1861, P. L. 682, and the acts extending it to other counties, which gave justices of the peace jurisdiction to try, with a jury, certain lower grade misdemeanors which were also indictable in the court of quarter sessions. They were not summary convictions within the intendment of the Constitution. See *Lavery v. Com.,* 101 Pa. 560. Besides, in the Bolton case the court found the prosecution before the justice to have been fraudulent and collusive; and in the Rosenkranz case the court ruled, in effect, that if the district attorney could show by the record that the offense charged be-

fore the justice amounted to aggravated assault and battery it would overrule the plea of former acquittal, since the justice's jurisdiction went no further than simple assault and battery, and he could not lawfully try a charge of aggravated assault and battery.

The same principle applies in civil cases, where the defense of res judicata exists, but does not attach where the claim sought to be enforced by action in the common pleas was not cognizable before or within the jurisdiction of the justice. See *Gobble v. Minnich,* 10 Pa. 488, 489.

A corollary to this principle is stated in Wharton's Criminal Law (12th Ed.) Vol. 1, sec. 394, as follows: "An acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense."

It is supported by the following cases from other jurisdictions:

In *People v. Townsend,* 214 Mich. 267, 275, 183 N. W. 177, 180, it was held that a conviction of driving an automobile while intoxicated, a summary offense tried before a municipal justice, did not bar subsequent prosecution for involuntary manslaughter of defendant's driving companion caused by an accident that occurred while defendant was driving in his intoxicated condition. Involuntary manslaughter was an indictable felony which a municipal justice could not try.

In *Crowley v. State,* 94 Ohio State 88, 113 N. E. 658, defendant had pleaded guilty to the crime of unlawful assault and battery upon a woman, before the mayor of the City of Lancaster, Ohio, and had been sentenced to 120 days in the Zanesville workhouse and to pay the costs of prosecution. After he had served his sentence and had been discharged, he was indicted in the Court of Common Pleas of Fairfield County for assault with intent to commit rape. In bar of the indictment, de-

fendant pleaded that the act for which he was indicted was the same act for which he had been sentenced by the mayor and served his sentence. In Ohio simple assault and battery was a minor offense of which the mayor's court had jurisdiction, but assault with intent to rape was a felony, over which the mayor's court did not have jurisdiction. To the plea of autrefois convict the state demurred. The demurrer was sustained. It was held that because the mayor's court did not have jurisdiction to try felonies, which included assault with intent to rape, the conviction of assault and battery was not a bar to the subsequent prosecution for the felony, even though the lesser offense was part of the greater offense. The opinion of the court in that case, by Judge NEWMAN, reads in part as follows:

"Counsel base their right to a reversal of the judgment of the Court of Appeals [which affirmed the judgment of the common pleas] upon the sole ground that there was error in holding that the demurrer to the plea in bar was properly sustained. There is therefore but one question for our consideration: Could plaintiff in error avail himself of the constitutional guaranty in section 10, Art. I, of the Constitution, providing, 'No person shall be twice put in jeopardy for the same offense?'

"It is conceded that the offense of assault and battery, to which he entered a plea of guilty before the mayor, is an offense included in the one charged in the indictment, and of which he was subsequently found guilty by the jury. Counsel in support of their contention invoke the rule announced in *Price v. State,* 19 Ohio 423, and followed and approved in *Mitchell v. State,* 42 Ohio St. 383: 'On a plea of autrefois acquit, the true test to determine whether the accused has been put in jeopardy for the same offense is whether the facts alleged in the second indictment, if proven to be true, would have warranted a conviction on the first indictment.

"This test has been applied in cases where the accused had been convicted or acquitted of an offense lesser than and included in the offense subsequently charged, but in practically every case the court in which the conviction or acquittal was had was a court having jurisdiction to try the accused on a charge for the greater offense had the same been made. We do not think this test should be applied here.

"In this case, the mayor, concededly limited in his jurisdiction in criminal matters, was wholly without jurisdiction to try one charged with a felony, and consequently could not have tried plaintiff in error on the charge of assault with intent to commit rape. In *State v. Rose*, 89 Ohio St. 383, 106 N. E. 50, L. R. A. 1915A, 256, this court held that the offense charged in the information was not the same offense, and did not include the offense charged in the indictment, and that therefore the defense of jeopardy must fail. While the case under consideration here differs from that case, in that the offense charged in the indictment here does include the offense charged in the affidavit filed with the mayor, yet the following language from the opinion in the *Rose Case* is pertinent here: 'The probate court was wholly without jurisdiction to try the charge of rape. Hence the defendant could never have been in jeopardy on the charge of rape in the probate court; for to be in jeopardy there must not only be a sufficient legal charge, but a sufficient jurisdiction to try the charge.'

"So, in the instant case, before plaintiff in error could be in jeopardy on the charge of assault with intent to commit rape, it must have been in a court with jurisdiction to try the charge."

In *State v. Dickson*, 200 Iowa 17, 202 N. W. 225, it was held that where a prosecution before a justice of the peace for assault and battery is dismissed, it is no bar to a subsequent indictment and conviction in a county court for assault with intent to inflict great bodily harm, where the justice of the peace did not have

jurisdiction of the latter crime but did have jurisdiction of the former. Other Iowa cases in accord with this include *State v. Foster*, 33 Iowa 525, and *State v. Garcia*, 198 Iowa 744, 200 N. W. 201, in which it was held that a plea of guilty before a justice of the peace to a charge of intoxication did not bar a subsequent prosecution in the District Court of Jefferson County for operating a motor vehicle while in an intoxicated condition, the justice having jurisdiction of the offense of intoxication but not of operating a motor vehicle while in an intoxicated condition.

In *Diaz v. United States*, 223 U. S. 442, 449, it was held that a conviction for assault and battery before a justice of the peace of the Philippine Islands did not bar a subsequent prosecution for homicide resulting from the same act, where the justice of the peace had no jurisdiction of the homicide.

In *Com. v. McCan*, 277 Mass. 199, 178 N. E. 633, it was held that a conviction in the Boston municipal court of assault and battery was not a bar to a prosecution in the Superior Court of Suffolk County for assault with intent to rape and for rape. The municipal court had jurisdiction of prosecutions for simple assault and battery but not of prosecutions for assault with intent to rape or of rape. This was in accord with the case of *Com. v. Roby*, 12 Pickering 496, above referred to.

In *Bowman v. State*, 160 Tenn. 305, 23 S. W. (2d) 658, it was held that a conviction before a justice of the peace of public drunkenness, under the Small Offenses Law (Shannon's Tennessee Code, Sec. 6952 et seq.) was not a bar to a subsequent prosecution in a county circuit court for driving an automobile while under the influence of an intoxicant. Justices of the peace had jurisdiction of the latter offense only to the extent of binding defendants over for trial in circuit courts.

In *Severin v. People*, 37 Ill. 414, 422, it was held that

a conviction before a justice of the peace for simple assault and battery would not bar a later indictment for assault with a deadly weapon. Justices of the peace had jurisdiction of assault and battery but not of assault with a deadly weapon.

In *State v. Hattabough,* 66 Ind. 223, it was held that a plea of guilty before a justice of the peace to a charge of assault and battery did not bar a subsequent prosecution for assault with intent to kill. Justices of the peace had jurisdiction of misdemeanors, but not felonies. Assault and battery was a misdemeanor; assault with intent to kill a felony.

See also *State v. Caddy,* 15 S. D. 167, 87 N. W. 927 and *Huffman v. State,* 84 Miss. 479, 36 So. 395.

The assignments of error in each appeal are sustained and the judgment is reversed with a procedendo.