## Commonwealth v. Scheetz

*J. Stroud Weber*, for Commonwealth.
*Morris Gerber*, for defendant.

KNIGHT, P. J., May 2, 1947.—Defendant was charged with a violation of The Motor Vehicle Code, in that he did make a false statement on an application for dealer's registration plates.

He waived a hearing and appealed to this court. After the case had been returned this motion was filed.

The prosecution is based upon the following information:

". . . that at or about the hour of 10 o'clock a.m., on the 14th day of January, 1947, one Harry W. Scheetz Jr. residing at Hughes Park, R. D. No. 1 Bridgeport, Penna., violated Sub-Section J Section 620 Article VI of The Vehicle Code of the Commonwealth of Pennsylvania, did make a false statement on application for Dealers Registration Plates (Form RVRG-6A) contrary to the Act of Assembly enacted May 1st, 1929, as amended" . . .

It will be noted that the place where the offense was alleged to have been committed is not stated, and for this reason defendant asks that the transcript be quashed.

The alleged offense is punishable by summary conviction under The Vehicle Code and section 1201 of that act, as amended, provides in no uncertain terms that a prosecution charging violation of any of the summary provisions of the act, must be brought before the nearest available magistrate within the municipal

subdivision where the violation is alleged to have occurred, and this court held in Commonwealth v. Williams, 56 D. & C. 549, that the jurisdiction of the justice of the peace must appear affirmatively in the record.

We are of the opinion that this case is ruled by Commonwealth v. Williams, supra.

Quite aside from the provisions of The Vehicle Code, we think the information is fatally defective.

In the brief filed by Mr. Keely, the assistant district attorney, he quotes from Carringer's Summary Convictions in Pennsylvania, as follows:

"The essential elements of an information may be summarized as follows: (a) the place where the offense was committed, (b) the time of its commission, (c) a description of the offense, (e) the affidavit."

The information before us is complete as to "b", "c" and "e", but "a" is totally lacking. In criminal cases the place where the offense was committed is highly important, for it determines the jurisdiction of the justice of the peace. The information is captioned Commonwealth of Pennsylvania, County of Montgomery, and the Commonwealth contends that this is equivalent to stating that the offense was committed in Montgomery County, citing Commonwealth ex rel. Taylor v. Clinton, 38 Pa. Superior Ct. 573.

An examination of that case shows that the facts were very different than those of the case at bar, and also that the record of the justice showed that the offense charged was committed within the jurisdiction of the court of the justice.

In Commonwealth v. Phelps, 170 Pa. 430, the Supreme Court held that the omission from the complaint of a jurisdictional fact, namely, the place where the offense was committed, was fatal.

In Commonwealth v. Gelbert, 170 Pa. 426 (1895), the same court said (p. 430) :

"In Pennsylvania none of the common law or statutory essentials of a summary conviction have been yielded, and they seem 'to be as necessary to bound arbitrary power and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown'."

And now, May 2, 1947, the motion is allowed and the transcript quashed. The costs to be paid by the County of Montgomery.