## Commonwealth v. Vugrinovich

*Michael A. Vugrinovich*, p.p., petitioner.

SWEET, P. J., September 2, 1965.—Michael A. Vugrinovich, a defendant in a summary proceeding before this court, charged with reckless driving and too fast for conditions, has petitioned for the appointment of counsel.

His request is refused. Since this is the first application for the appointment of counsel in a summary proceeding, it seems expedient to set forth the reasons for this refusal.

Long before Gideon v. Wainwright, 372 U. S. 335 (1963), it was the custom in this county for the court to appoint counsel for indigents charged with certain felonies or misdemeanors. That such practice is now essential cannot be doubted, but must the taxpayers also bear the cost of defending summary offenders, most of them charged with violations of The Vehicle Code?

Harlan, J., concurring in Gideon, said, "Whether

the rule should extend to *all* criminal cases need not now be decided". Pennsylvania Rule of Criminal Procedure 317(c) provides:

"In all *indictable* cases, at the time of arraignment, if the defendant is without financial resources or otherwise unable to employ counsel, counsel shall be appointed by the court to represent him unless he intelligently and understandingly elects to proceed without counsel and signs a written waiver of counsel".

Commonwealth ex rel. McCray v. Rundle, 415 Pa. 65 (1964), one of the latest holdings of our Supreme Court on the now much-litigated matter of counsel says:

"In Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792 (1963), the Supreme Court of the United States ruled that indigent defendants in criminal trials in state courts involving *felonies* have the right to the assistance of counsel, and that a trial and a conviction without such counsel is void and in violation of the Fourteenth Amendment to the United States Constitution". (Italics supplied.)

It is plain and beyond dispute that reckless driving is not an indictable offense. In Commonwealth ex rel. v. Mayernik, 72 D. & C. 10 (1950), it was held in an extensive and academic opinion of the Allegheny County Court that reckless driving is only a petty offense and does not rate trial by jury: "Article I, sec. 6 of our Bill of Rights provides that 'trial by jury shall be as heretofore, and the right thereof remain inviolate'. A statute prescribing a summary conviction for offenses in which summary convictions were recognized at common law or prescribing a summary conviction for offenses unknown to the common law, does not violate this clause in our Constitution. . . ."

The Mayernik opinion goes on to cite many cases collected by Lencher, J., to establish that summary convictions, in accordance with legislative provisions,

do not violate the constitutional guarantees or right of trial by jury.

Commonwealth v. Bergen, 134 Pa. Superior Ct. 62 (1938), squarely holds (p. 72), that reckless driving *". . . is not an indictable offense,* but only punishable upon summary conviction. . . ."

It seems to me that there is a sound analogy to the right of trial by jury and the right to have appointed counsel and that only if the case deserves jury trial does it justify the appointment of an attorney paid by public funds.

Sound public policy reinforces precedent here. Solvent defendants do not generally engage counsel when charged with the offenses of reckless driving or too fast for conditions. It has been noted that the assistance of counsel is usually had in serious felonies for the purpose of proving that counsel is indispensable in such a trial.[1] While no statistics are readily available here as to the frequency of engagement of counsel for motor vehicle violations, experienced magistrates inform me that the appearance of counsel in such cases is not customary.

The fine for reckless driving is not less than $10 nor more than $25, and for too fast for conditions, $10. It would seem likely that the expense of the public to appoint an attorney in each summary case would exceed the amount at stake.

The issues in the ordinary motor vehicle or other summary case are not so difficult and complex that the

---

[1] "Lawyers to prosecute are everywhere deemed essential to protect the public's interest in an orderly society. Similarly, there are a few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses. That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the widespread belief that lawyers in criminal courts are necessities, not luxuries": Gideon v. Wainwright, 372 U. S. 335 (1963).

intelligent citizen would be unable to defend himself. The prosecution of them is commonly by the police, and the arresting officer usually does not have the benefit of counsel.

There has been a tendency to expand the right of counsel to progressively earlier stages of the legal maneuvering. If Vugrinovich is entitled to counsel before the court in the appellate or waiver stage of the summary proceeding, might he not have asked for counsel at the magistrate's hearing? Since the magistrate can make a finding of guilty or not guilty, the squire's hearing, in a summary proceeding, doubtless would be a critical stage, and, hence, the rationale of such cases as Commonwealth ex rel. Maisenhelder v. Rundle[2] would not apply. If we say Vugrinovich is entitled to counsel today, we must perforce give him counsel at the critical stage and this means before he goes to the magistrate. It would be fiscally temerarious to hold that the County of Washington must supply attorneys for every motor vehicle proceeding before magistrates in our 68 political subdivisions. These run into the thousands.

For all these reasons, then—history, mutuality, and economy—we are unable to conclude that fundamental fairness compels the appointment of counsel in summary cases.

It might also be noted that the fees charged by members of the bar for appearing at squire's hearing or summary conviction in court are not as substantial as those required at the trial of felonies and misdemeanors.

We apply all this then more easily to the case at bar, of Michael A. Vugrinovich, because we doubt that he is indigent. He admits to having assets of $150 in this world and a job waiting for him, although at the

---

[2] 414 Pa. 11 (1964).

moment he is unemployed. However, we do not place this decision on the ground that Vugrinovich is not indigent, lest someone else conclude that he otherwise would be entitled to counsel at the public cost.