## Commonwealth v. Lory

*Harry L. Hutchinson*, Special Assistant Attorney General, for Commonwealth.

*Robert E. Campbell*, for defendant.

MacPHAIL, P. J., March 12, 1973.—In this case, the Commonwealth filed two criminal complaints

against defendant, charging violations of the Act of April 27, 1905, P. L. 312, as amended, 71 PS §1409, and violations of the Act of May 18, 1937, P. L. 654, 43 PS §25-1, et seq. The transcript of the issuing authority states that a hearing on the charges was held on October 3, 1972, and that, "upon hearing the testimony and evidence from the Department of Labor and Industry, found that all the charges were corrected with the exception that defendant, Mr. Lory, is operating a labor camp without first applying for a license from the Department of Labor and Industry. On this charge, Mr. Lory was fined $25 and $11 costs which was paid." In a letter to the attorney for the Department of Environmental Resources, the issuing authority notified the Commonwealth that "this court has found the defendant guilty of one count of not having applied for a license from the Department of Labor and Industry, the other counts the charges were dismissed."

The Commonwealth appealed from the decision of the issuing authority. Defendant moved to quash the appeal. Since no factual questions were presented, legal arguments were heard and the matter is now before us for disposition. It must be noted that the Commonwealth appealed from the decision of the issuing authority and, therefore, the only matter for our disposition at this time is the right of the Commonwealth to appeal in such a case.[1]

Section 15 of the Act of 1937, supra, 43 PS §25-15, provides that violations of provisions of the act or the rules and regulations of the Department of Health constitute summary offenses for which appropriate penalties are prescribed, including the possi-

---

[1] In particular, neither the sufficiency nor the legality of the transcript, nor of the proceedings before the issuing authority nor of the verdict itself are before us.

bility of imprisonment. Section 16 of the Act of 1905, as amended, 71 PS §1409, supra, also prescribes that offenses thereunder are summary offenses and that where convictions are obtained, penalties shall be imposed.

There is no doubt that the rule in the Commonwealth for a long time has been that the entry of a judgment of not guilty in a court of quarter sessions on an appeal from a summary conviction by a justice of the peace ends the case and no appeal lies: Commonwealth v. Bertolette, 101 Pa. Superior Ct. 334 (1931). Defendant in the case before us insists that the Commonwealth simply has no right of appeal from a verdict of not guilty before a justice of the peace. The Commonwealth's position, as presented in its brief and at oral argument, is that, since section 9 of article V of the Constitution of Pennsylvania provides that "[t]here shall be a right of appeal in all cases to a court of record from a court not of record" the Commonwealth has the right to appeal from any summary proceeding where defendant is acquitted.

The Constitution of 1874, section 9 of article V, provided: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law upon allowance of the appellate court or judge thereof upon cause shown."

That section of the Constitution was implemented by the Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189. There are some reported cases in the lower courts which did permit the Commonwealth to appeal to the court of quarter sessions from the acquittal of a defendant in a summary proceeding before a justice of the peace. See Commonwealth

v. Petra, 28 D. & C. 236 (1937), and Commonwealth ex rel. Fisher v. Stevens, 32 Northampton 298 (1951). In the case now before us, it seems that the Commonwealth's position is that whereas they were permitted to appeal in such matters only upon cause shown under the Constitution of 1874, they now have the absolute right of appeal under section 9 of article V of the new Constitution.

It is readily apparent from the recorded debates concerning the adoption of section 9 (see Journal of the Constitutional Convention, pages 870-73, 957-67 and 1000-01) that the purpose of changing the language as it appeared in section 14 of article V of the Constitution of 1874 to the present language as it appears in section 9 of article V, was to remove the necessity of defendant's showing "cause" before they could get from the justice of the peace level to the court of common pleas level. There is no mention in the debates whatsoever of the right of appeal by the Commonwealth in such cases.

Furthermore, it appears that the legislature did not understand section 9 of article V to be self-executing and, therefore, enacted the Minor Judiciary Court Appeals Act of December 2, 1968, P. L. 1137, 42 PS §3001, et seq. That act was further supplemented by action of the Supreme Court of Pennsylvania when it adopted Rules 1001-1082 Pennsylvania Rules of Conduct, Office Standards and Procedure for Justices of the Peace, concerning appellate proceedings with respect to judgments and other decisions of justices of the peace in *civil* matters. The Minor Judiciary Court Appeals Act specifically addresses itself to appeals in summary proceedings by *defendants* convicted by an issuing authority. While the act does not specifically exclude appeals by the Commonwealth, nor could the legis-

lature restrict that right if the Constitution granted it, the act is completely compatible with the only point debated by the delegates to the Constitutional Convention prior to the adoption of section 9, i.e., defendant's right to appeal must be unconditional. We conclude that it was not the intention of the Constitutional Convention to enlarge nor to grant the right of the Commonwealth to appeal from an acquittal before an issuing authority.

Absent such constitutional intent, we now turn to the Commonwealth's right to appeal generally. As we previously noted, that right is narrowly restricted on appeals from the court of common pleas to appellate courts. In summary matters, i.e., nonindictable offenses, the Commonwealth cannot bring the same charge against the same defendant before another issuing authority where that defendant had been previously acquitted of the charge by an issuing authority: Commonwealth v. Bergen, 134 Pa. Superior Ct. 62 (1939). Would not the same rule be applicable to an appeal by the Commonwealth from a previous acquittal before an issuing authority? The court in Commonwealth v. Petra, supra, said the rule did *not* apply because the Constitution of 1874 specifically gave to *either* party the right to appeal upon cause shown. If that was the law, we hold that it has now been changed. Under present law, in an appeal from the issuing authority, we are required to hear the case de novo: 42 PS §3003(f). What is the difference whether the court is one of record or not of record? If the same charge could not be heard before another issuing authority, neither should the same charge be heard before a "higher" court. The rights of the individual citizen in these matters certainly must rise higher than those of

the State. The Bill of Rights in both the Federal[2] and State[3] Constitutions specifically prohibit the placing of a person twice in jeopardy for a criminal act. We think that provision must prevail against the Commonwealth's right to appeal, no matter how worthy that appeal may be.

The practical consequences of opening the courts to appeals by the Commonwealth in cases like the one now before us are rather frightening to contemplate, but our decision is not based upon such considerations. Rather, we feel that the legal considerations can lead to no other conclusion than the one we have reached, that the Commonwealth does not have the right to appeal to the court of common pleas from an acquittal of a defendant in a summary criminal action brought before an issuing authority.

## ORDER OF COURT

And now, March 12, 1973, the motion to quash is granted. The appeal is dismissed.

[2] Fifth Amendment.
[3] Section 10, article I.