## City of Chester *v.* Paxson, Appellant.

*Municipalities—Cities of the third class—Employees—Appointment—Validity—Warrant—Mandamus.*

A city treasurer in a city of the third class is not entrusted with the duty of supervising the contracts of the city.    He is the custodian of the public funds, · but has to pay them out on lawful vouchers with funds in his hands sufficient for that purpose.    He is not bound to look beyond a warrant, lawful on its face, to ascertain whether the payee named therein has rendered service proportionate to the amount of his compensation, or whether he is qualified for the service rendered.    Where the warrant is signed by the superintendent of the department of accounts and ·finance, and audited and countersigned by the city controller, all legal formalities have been complied with, and the treasurer should pay the same.

In mandamus proceedings .to compel a city treasurer to pay· a warrant duly drawn on him, a writ will be granted, where the record does not show that the petitioner was illegally appointed or that he was not capable of performing the duties of his office.

Argued November 15, 1920.    Appeal, No. 225, Oct. T., 1920, by respondent, from decree of C. P. Delaware Co., Dec. T., 1919, No. 699, sustaining demurrer to answer in the case of City of Chester v. Francis A. Paxson, City Treasurer.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

40, (1921).] Statement of Facts—Opinion of the Court.

Mandamus to compel city treasurer to pay a warrant.

Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

On demurrer to the answer of the defendant, the court sustained the demurrer and entered judgment against the defendant for $55.64. Respondent appealed.

*Errors assigned* were in sustaining demurrer to the defendant's answer and the judgment of the court.

*J. Borton Weeks,* of *Schaffer, Hannum, Chadwick & Weeks,* and with him *Arthur L. Reeser,* for appellant.

*A. A. Cochran,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The City of Chester filed its petition for a mandamus against Francis A. Paxson, city treasurer, to compel him to pay a city warrant issued for the salary of Oliver Mahon who was appointed by the council as "Registry Clerk." The treasurer having made return to the writ, a demurrer thereto was filed by the relator which after argument was sustained by the court and judgment entered thereon. From that judgment, the defendant takes this appeal. Chester is a city of the third class, and the administration of its municipal affairs is conducted under the Act of June 27, 1913, P. L. 568. That act provides in section 4 of article IV, that the city council shall prescribe by ordinance the number, duties and compensation of the officers and employees of the city. In section 3 of article V, it is provided that the council may create any office, public board or department which they deem necessary for the good government and interest of the city, and to prescribe the power thereof, and to regulate and prescribe the terms, duties and compensation of all such officers. Under section 1, of article VII, the executive and administrative power, authority and

duties in every city of the third class are distributed into and among five departments: (1) Department of public affairs; (2) department of accounts and finance; (3) department of public safety; (4) department of streets and public improvements; (5) department of parks and public property. By the same section the council is required to determine the powers and duties to be performed by, and assign them to, the appropriate department; to prescribe the powers and duties of officers and employees, and is authorized to assign particular officers and employees to one or more of the departments, and to require an officer or employee to perform duties in two or more departments, and to make such other rules or regulations as may be necessary and proper for the efficient and economical conduct of the business of the city. Pursuant to this authority, on the eighth of January, 1920, the city adopted ordinance No. 71, section 4 of which is as follows: "That the following offices and positions be and the same are hereby created in the Department of Streets and Public Improvements: Offices: Registration Clerk."

The term was fixed at one year; the salary at $1,560 per year. A copy of the ordinance was attached to the petition. An appropriation was regularly made by ordinance for the payment of the salary as appears from ordinance No. 70 attached to the petition. By resolution of the council adopted January 19, 1920, Oliver Mahon was appointed to the office of registry clerk in the department of streets and public improvements. A copy of this action is also attached to the petition. On the 31st day of January, 1920, a city warrant was drawn to the order of Oliver Mahon for the salary due to him to that date, which was duly countersigned by the superintendent of accounts and finance and by the city controller. It was averred in the petition that the amount of the salary had been previously appropriated by the council for the purpose for which the warrant was drawn which fact was explicitly mentioned in the warrant as

required by law. The treasurer refused to pay the warrant for the reasons set forth in his return to the writ. These are in substance that the office of registry clerk is an office in the engineering department which is part of the department of streets and public improvements, and that by law, said registry clerk is required to serve in the performance of his duties under the direction and supervision of the city engineer; that the appropriation was not legal or valid in view of the fact that the registry clerk was not duly appointed or elected, inasmuch as the office of registry clerk is a part of the engineering department of the City of Chester, and the Act of July 16, 1917, P. L. 1002, relating to the appointment of persons to the engineering department in cities of the third class, provides that no persons shall be appointed to any position whatever in the engineering or electrical department, or to the position of building inspector, without having passed all of the examinations provided for in that act, and having been appointed in a manner in accordance to the terms thereof; that the act last referred to provides for an examination of all persons in the engineering department by a civil service board and that Oliver Mahon did not take or pass such an examination. It will be seen that the substance of the answer is that there is an engineering department in the City of Chester; that the position held by Oliver Mahon is in that department, and that therefore he is within the operation of the Act of 1917 relating to civil service examinations. It is not averred that the Act of 1913 creates a department of civil engineering in the city. Section 2, of article XVI, of the act provides that "the engineer matters" of the city shall be under the superintendence, direction and control of the city engineer, who is authorized to appoint such assistants and employees as council shall authorize by ordinance. Section 4 prescribes the duties of the officers. There was therefore no engineering department in the city under the Act of 1913, nor does it make the "engineer matters"

a part of the department of streets and public improvements. The departments created are those above recited, and a member of the council is at the head of each of these. Under clause 13, of section 3, of article V, the council is authorized to create additional departments in the government, but it is not pleaded that this has been done, and we assume for the purpose of this case that no department of engineering has been created by ordinance. The ordinance, creating the office of registry clerk, does not prescribe the duties to be performed. It assigns the official to the department of streets and public improvements from which it would follow that he is under the control of the head of that department, and might be assigned to such work as was most urgent, or to which he was best adapted. The return does not inform us what the duties of the office are, nor does it deny that he took the oath of office. An examination of the return makes it apparent that its material averments are legal opinions, or inferences, or conclusions drawn from an association of facts. The averment that the office is in the department of engineering is purely the expression of an opinion. No fact is exhibited either in the petition or the return to support such a statement. The allegation that the clerk was not at any time legally elected or appointed to his office is inferential and argumentative. There is no denial of the action of the council as set forth in the exhibits to the petition, and no other support to the averment than the opinion of the respondent as to the operation of the civil service law. The denial that the clerk entered on the duties of his office is coupled with the reason that the duties of registry clerk cannot be performed until the records of real estate in the City of Chester are completed and turned over to the city. This, of course, assumes that the respondent knows what the duties of the registry clerk are, and that he can perform no other service for the city. The allegation that the clerk is not competent or qualified to perform the duties of the office, and that

therefore he could not be legally appointed, is an irrelevant answer. Discretion is vested in the municipal authorities to determine the qualifications of an appointee. All of these averments which are supposed to be material are either legal inferences from the facts set forth, or if they are intended as allegations of substantive facts, they are not averred clearly and distinctly, but when tested by the petition and writ are evasive, argumentative and irrelevant. Arguments and inferences in a return, or allegations which are merely constructive deductions, present no issue of fact. Skillful avoidance of a material allegation or argument or inference is not an answer: Kaine v. Com., 101 Pa. 490. It is said, however, that the demurrer admits the averments. It is a mistake, however, to so conclude. It does not admit the conclusions or arguments, or irrelevant matter, or the truth of the allegations which are contradicted by the documentary exhibits of the petition. To what extent the Act of 1917 is applicable as applied to the services of engineers, electricians and building inspectors, it is not necessary to consider. Evidently technical knowledge giving qualification for service in those departments was the object to be attained, but that it applies to a clerk appointed to service in the department of streets of the city, however the title of his office may be described, has not been made to appear.

Another view of the case should be noticed. The appellant is a ministerial officer. Section 2 of article VIII, of the Act of 1913 provides that: "The City Treasurer shall demand and receive all moneys payable to the city from whatever source, and shall pay all warrants duly countersigned by the superintendent of finance and the City Controller." In the same section it is provided that no money shall be paid out of the city treasury unless the same shall have been previously appropriated by council to the purpose for which it is to be drawn which shall be explicitly mentioned in the warrant therefor. This last provision of the section has been complied with

as appears from the pleadings.  The warrant was countersigned by the superintendent of the department of accounts and finance, and was audited and countersigned by the city controller.  All legal formalities had been complied with.  The treasurer is not intrusted with the duty of supervising the contracts of the city.  He is the custodian of the public funds and is to pay them out on lawful vouchers with funds in his hands sufficient for that purpose.  He is not bound to look beyond a warrant, lawful on its face, to ascertain whether the payee named therein has rendered service proportionate to the amount of his compensation, or whether he is qualified for the service rendered.  On this ground alone the action of the court might well be based, but the insufficiency of the answer would also warrant the decree entered by the court.  We regard the action of the court as proper on the pleadings.

The decree is affirmed at the cost of the appellant.