Henzel et al. *v.* Patterson Building and Loan Association No. 2 et al. (Hutzel, Appellant).

Argued October 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

532

*Emanuel Moss,* of *Moss & Moss,* for appellant.

*Herbert L. Maris,* for appellee.

PER CURIAM, October 27, 1937:

This appeal is ruled by the decisions of the Supreme Court in *Drovin v. Lehigh Coal & Navigation Co.,* 265 Pa. 447, 109 A. 128; *Hauser v. York Water Co.,* 278 Pa. 387, 123 A. 330; *Kuhbach v. Irving Cut Glass Co.,* 220 Pa. 427, 69 A. 981.

The mere fact that the Building and Loan Code of 1933—(Act of May 5, 1933, P. L. 457)—does not specifically provide that stockholders of building and loan associations shall have the right to inspect the list of stockholders, or be furnished with a list of them, will not be applied so as to deprive them of a common-law right enjoyed by stockholders of corporations generally. The code will not be construed as limiting the rights of stockholders to those specifically enumerated except where the intention to do so is clear. Their right to inspect the list of stockholders of the association is not affected by the fact that our Supreme Court has held (*Brown v. Victor Bldg. Assn.,* 302 Pa. 254, 258, 259, 153 A. 349; *Stone v. Schiller B. & L. Assn.,* 302 Pa. 544, 551, 153 A. 758) that as between themselves share holders of building and loan associations occupy, in some respects, the status of partners. The rights of a partner, in this respect, are certainly not inferior to those of a stockholder, but the Supreme Court, in those cases, was not dealing with the corporate rights of stockholders of building and loan associations.

A demurrer admits the truth of the *relevant and material* facts averred in the pleading demurred to. It does not admit their sufficiency, nor does it admit irrelevant and immaterial matter pleaded, nor the legal conclusions or inferences sought to be drawn from the facts: *Chester City v. Paxson,* 76 Pa. Superior Ct. 40, 45.

Judgment affirmed.