## Blum's Estate. No. 1

*James J. Logan* and *John T. Logan*, for Commonwealth.
*Palmer C. Bortner*, for respondent.

GROSS, P. J., December 2, 1939.—In the audit of the first and final account of the administrator d. b. n. c. t. a. of the estate of Edward H. Blum, deceased, we awarded, in our adjudication filed October 9, 1939, to Urgie McConnell, also known as Urgie McConnell Smith and Urgie McConnell Huett, a claimant for servant's wages, the

sum of $288.39, which award, no exceptions having been filed thereto, became a final decree of this court on October 19, 1939.

On October 11, 1939, the Commonwealth of Pennsylvania, Department of Public Assistance, filed its petition in this court averring, inter alia, that said Urgie McConnell, beginning with October 7, 1936, and ending February 9, 1938, had been a public charge and had received public assistance from the Commonwealth of Pennsylvania, Department of Public Assistance, under the name of Urgie McConnell Smith, in the sum of $170.40, for which amount she is justly indebted to the said Commonwealth, with interest from February 9, 1938, and prayed this court "that it be substituted as claimant for said Urgie McConnell, and that said award made by the court in her favor . . . be marked for the use of the Commonwealth of Pennsylvania, Department of Public Assistance, and decreed to be payable to the said Commonwealth in accordance with The Support Law of June 24, 1937, P. L. 2045, and that the court make such further order in the premises as the cause may require."

To the citation awarded on the above petition, without answering the averments of fact set forth therein, respondent, Urgie McConnell, filed an answer raising only the question of the jurisdiction of the orphans' court to determine the rights of the Commonwealth against respondent and to grant the relief prayed for in the petition under the act of assembly aforesaid. This answer is in the nature of a demurrer, and for the purpose of deciding the immediate question involved, under the authority of Henzel et al. v. Patterson B. & L. Assn. No. 2 et al., 128 Pa. Superior Ct. 531, we must consider that it admits the truth of the relevant and material facts averred in the petition, without admitting their sufficiency, nor the legal conclusions or inferences sought to be drawn therefrom, otherwise our consideration of the case would be in the abstract and purely academic.

The title of The Support Law, supra, upon which this proceeding is based, provides as follows:

"Relating to the support of indigent persons publicly cared for or assisted; providing for the support of such persons by certain relatives, and for the recovery of public moneys expended for care and assistance from the property and estates of such persons; providing for guardians of the person and property of such persons; providing for the arrest and seizure and sale of the property of deserters; and providing procedure." Section 4 of The Support Law, as amended by the Act of June 9, 1939, P. L. 310, definitely makes the real and personal property of any indigent person liable for the expenses of his support, maintenance, assistance, and burial incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if the right to ownership of such property existed or was acquired during the time such expenses were incurred, and authorizes such public body or public agency to sue the indigent person therefor. Section 5 of the act creates a new and additional remedy on behalf of the public body or public agency to recover back moneys advanced by it for the support and assistance of such indigent person and provides as follows:

"Recovery of Moneys Due Persons Publicly Cared for or Assisted.—(a) Whenever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such person;

"(b) Such suit shall be brought in the name of such person for the use of such public body or public agency. Proof that the person to whom such money is due became a public charge, or was publicly assisted, shall be conclusive of the right to recover whatever may be legally due such person. If the amount due shall have been reduced to judgment, the public body or public agency may be substituted as plaintiff in the judgment. If the sum due is

founded on an order or decree of court, the public body or public agency shall have the right to recover the same;

"(c) Should such person become self-supporting, or be supported by a relative or friend, then any moneys recovered and not expended in the care or assistance of such person shall belong to him. In case of his death, moneys not expended for his care, assistance and burial shall belong to his estate."

It will be observed that the newness of the remedy created by the act consists iñ the right given to the public body or public agency to proceed by suit in the name of the indigent person against a third party who may be indebted to such indigent person, or, if such indigent person shall have already procured a judgment against such third party, the public body or public agency may be substituted as plaintiff in said judgment, and proof that such indigent person was a public charge, or was publicly assisted, shall be conclusive of the right of the public body or public agency to recover whatever may be due the indigent person from such third party. This new or additional remedy has the effect of an attachment execution, without the delay caused by its cumbersome procedure. The act further says:

"Should such person become self-supporting, or be supported by a relative or friend, then any moneys recovered and not expended in the care or assistance of such person shall belong to him. In case of his death, moneys not expended for his care, assistance and burial shall belong to his estate."

It has been argued that the award made to Urgie McConnell in our adjudication is not a judgment. With this argument we cannot agree. 2 Bouvier's Law Dictionary, Rawle's 3d ed., defines a judgment as follows:

"The conclusion of law upon facts found, or admitted by the parties, or upon their default in the course of the suit. . . .

"The language of judgments, therefore, is not that 'it is decreed,' or 'resolved,' by the court; but 'it is consid-

ered' . . . that the plaintiff recover his debt, damages, or possession, as the case may require, or that the defendant do go without day. This implies that the judgment is not so much the decision of the court, as the sentence of the law pronounced and decreed by the court, after due deliberation and inquiry."

The presentation by Urgie McConnell of her claim in the orphans' court is a suit in contemplation of law, just as much as though a summons had issued out of the court of common pleas, and our award of her claim, after the hearing and the consideration of the testimony thereon, is the final ruling of this court on her right to recover, and can be considered in no other light than as a judgment of the court. The act of assembly does not pretend to say that the judgment must be recovered in the court of common pleas or any particular court, and, therefore, the act being general and mandatory, applies with the same force and effect to a judgment recovered in the orphans' court as one recovered in the court of common pleas.

It has been argued to the court that it is without jurisdiction to determine the rights of the Commonwealth against this respondent, because the orphans' court is a tribunal of limited jurisdiction, possessing no inherent powers and exercising only such power as is given by statute expressly or by necessary implication. This proposition of law, as stated, is undoubtedly sound: Mains' Estate, 322 Pa. 243. But, within its orbit, its jurisdiction is exclusive and, therefore, necessarily as expansive as the demands of justice require: Shollenberger's Appeal, 21 Pa. 337. When a case is once within the grasp of a court lawfully exercising equitable powers, it has no need to call in the aid of a court at law. The process of the orphans' court is plastic and its power is only limited by the necessities of the case and by its duty to administer equity in accordance with established rules: Heinz's Estate, 313 Pa. 6. In Boles' Estate, 316 Pa. 179, at the audit of the account of the administratrix, claims were presented by the Commonwealth of Pennsylvania and the

City of Philadelphia for the support and maintenance of an indigent, insane son of decedent, both of which were allowed, and reimbursement from the indigent, insane son's share was awarded, the Supreme Court saying: "The orphans' court applies equitable principles, and, having jurisdiction of the fund and of all the parties, has the power by subrogation . . . to decree reimbursement to the father's estate of so much of the son's interest as will repay the amounts awarded to the State and to the city on account of the obligation of the son."

In the instant case, this court has jurisdiction of both the fund and the parties and, aside from any interpretation which we might place on the act of assembly aforesaid as to the court's jurisdiction, we think that this court has the power to fully adjudicate the rights of the parties and to determine the issues involved.

The act of assembly upon which this proceeding is based is called The Support Law. The act was intended to favor the public interest as against any private interest. The legislature has the power to say in which court or courts it shall be administered, and having failed to specifically say so, the legislature must have intended that the law was to be administered in that court where the judgment was recovered and where it would be most effective to carry out the legislative intent of the act.

We, therefore, conclude that subject to the rights reserved to Urgie McConnell in section 5(c) of The Support Law, supra, and the burden of the Commonwealth to sustain, by proper proofs, the allegations of its petition, it is entitled to the relief prayed for therein.

We accordingly enter the following decree:

And now, to wit, December 2, 1939, the answer of Urgie McConnell, respondent, in the nature of a demurrer raising the question of the jurisdiction and power of this court, is overruled and dismissed, and respondent is directed to file her answer to the averments of fact within 10 days from the date of this decree.