Commonwealth *v.* Sun Ray Drug Company, Appellant.

Argued May 25, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Morris H. Goldman,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Morley W. Baker,* Special Deputy Attorney General, with him *T. McKeen. Chidsey,* Attorney General, for appellee.

OPINION BY MR. JUSTICE PATTERSON, September 27, 1948:

This appeal by Sun Ray Drug Company challenges the conclusion of the court below that where an employer has contributed to the unemployment compensation fund for six years and eight months, of which only three years and eight months immediately preceded the date of application for an experience rating, a reduced rate was properly refused for the reason that Section 301 (a) (4) of the Unemployment Compensation Law,[1]

---

[1] Act of 1936, P. L. 2897 (1937), as amended by the Act of 1943, P. L. 639. This case is controlled by statutes in effect on January 1,

requiring payment of contributions "for at least four full calendar years" must be construed to mean four consecutive years immediately preceding the computation date.

Sun Ray Drug Company, appellant, on April 30, 1940, then Nevins, Inc., succeeded to the business of Morris Soble, et al., trading as partners under the name Nevins Drug Co. The partnership had qualified as an employer under the Unemployment Compensation Law since its enactment in 1937 and had paid required contributions up to and including March 31, 1940. This Court, in *Soble et al. v. Hines*, 347 Pa. 536, 32 A.2d 742, directed a refund of contributions paid for the first quarter of 1940 for the reason that the partnership, having transferred the business to appellant, was not an employer for some portion of each of 20 weeks during 1940. Thereafter, appellant qualified as an employer and regularly paid contributions up to and including the full calendar year 1943. The Department of Labor and Industry, on April 15, 1944, notified appellant that its rate of contribution for the calendar year 1944 was 2.7%. On May 3, 1944, appellant filed its application for review and redetermination with the Department of Labor and Industry and the Bureau of Employment and Unemployment Compensation asserting that it must be credited with the benefit of its predecessor's experience, that it and its predecessor had paid contributions for more than four full calendar years prior to the computation date, that three of these years were immediately preceding the computation date, and that the law as construed and applied violates the uniformity provisions of Article IX, Section 1 of the Pennsylvania Constitution. The application was denied and an appeal taken to the court below pursuant to Section 301(h) and (i) of the Unemployment Compensation Law: Act of 1936, P. L (1937) 2897, as amended, 43 PS Section 781.

---

1944. The Act has since been amended, particularly as regards those sections applicable here. See 43 PS Sections 751-882.

The court below held that (1) the four full calendar years were intended by the legislature to mean four full calendar years immediately preceding the computation date, (2) that by reason of the refund directed in *Soble v. Hines,* supra, appellant did not pay contribution for the full calendar year of 1940, and (3) appellant did not meet the requirements of Section 301 (a) (4) and was not entitled to an experience rating for the calendar year 1944. This appeal followed.

Appellant contends that when the legislature, after having imposed a basic tax of 2.7% enacted that "the rate of contribution of each employer who has paid contributions under this act for at least four full calendar years, whether prior or subsequent to the adoption of this amendment, shall be subject to adjustment for each such calendar year, beginning with employment occurring during the calendar year 1944 . . . in accordance with clause (c) hereof . . .", it did not intend as the Commonwealth contends and the court below held, that the four full calendar years be consecutive and immediately precede the computation date. The Commonwealth, appellee, contends that (1) the formula prescribed by Section 301 (c) is incapable of application to an employer who has contributed for less than three and one-half consecutive years, and (2) the construction contended for by appellant would defeat the purpose of the Act, namely, to comply with federal law as regards employer experience.

The Unemployment Compensation Law was enacted to alleviate distress of the individual worker: *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898. The legislature has indicated that the general welfare of the Commonwealth requires that a compulsory reserve be established to avert the effects of involuntary unemployment. See *Barclay White Co. v. Unemployment Compensation Board of Review,* 356 Pa. 43, 48, 50 A. 2d 336; Section 601, 43 PS Section 841. To establish and maintain such reserve

an excise tax upon the right to employ was levied upon all employers subject to the Act: *Department of Labor and Industry v. New Enterprise Rural Electric Coöperative*, 352 Pa. 413, 43 A. 2d 90; *Commonwealth v. Perkins*, 342 Pa. 529, 21 A. 2d 45.

Prior to the amendments of 1943, all such employers were taxed at the same rate. An employer whose labor record revealed a minimum of unemployment and an employer whose employes were frequently unemployed were taxed equally. The inequitable application of this tax resulted in the amendment of Section 301 by the Act of 1943, P. L. 639. The legislature provided for an employer's experience rating (Section 301 (a) (4) and 301 (b) (4)).

Section 301(a) (4) of the Unemployment Compensation Law, as amended by the Act of 1943, P. L. 639, Section 1, provided: "A basic rate of two and seven-tenths per centum with respect to employment occurring during the calendar year 1944 and for each calendar year thereafter; but the rate of contribution of each employer who has paid contributions under this act for at least four full calendar years, whether prior or subsequent to the adoption of this amendment, shall be subject to adjustment for each such calendar year, beginning with employment occurring during the calendar year 1944, between a minimum rate of one per centum and a maximum rate of two and seven-tenths per centum in accordance with clause (c) hereof, and for each calendar quarter in accordance with clause (f) hereof."

Employer's experience was defined as follows: " 'Employer's Experience' means a percentage obtained by dividing the total wages paid by an employer to his compensated employes, less any credit for reëmployment during the last three completed calendar years, by the total wages paid by said employer to all his employes during such three calendar years." Act of 1943, P. L. 639, Section 301(b) (4).

Compensated employe was defined as follows: " 'Compensated Employe' means an employe to whom compensation was paid in a benefit year." Act of 1943, P. L. 639, Section 301(b)(1).

Wages of a compensated employe were defined as follows: " 'Wages of a compensated employe' means wages which were paid to a compensated employe in the base year immediately preceding the employe's benefit year, which wages shall be treated as though they had been paid in the calendar year in which the first compensation of the employe's benefit year was paid." Act of 1943, P. L. 639, Section 301(b)(2).

The Act did not require that an employer must have been engaged in business any given length of time before his account was chargeable with compensation benefits. While a "base year" [2] was required of an employe before he could enter a "benefit year," [3] there was no similar requirement as regards an employer. Benefits were to be paid from the unemployment compensation

---

[2] Act of 1936, P. L. 2897, (1937), Section 4(a), as amended by Act of 1943, P. L. 717, Section 4(a): " 'Base year,' with respect to an individual, means the period of twelve consecutive months ending the thirty-first day of December immediately preceding the first day of a benefit year: Provided, however, That with respect to an individual who was in a benefit year on the thirty-first day of May, one thousand nine hundred and forty-three, the base year of such benefit year shall be the first four of the last five completed calendar quarters immediately preceding the first day of such benefit year."

[3] Act of 1936, P. L. 2897, (1937), Section 4(b) as amended by the Act of 1943, P. L. 717, Section 4(b): " 'Benefit year', with respect to an individual, means the period of twelve consecutive months ending thirty-first day of May: Provided, however, That (for the purpose of this subsection only) a week in which a benefit year begins shall be deemed to be in that benefit year which includes the major part of such week, and: Provided further, That with respect to an individual who was in a benefit year on the thirty-first day of May, one thousand nine hundred and forty-three, such benefit year shall be the period defined in this subsection prior to the effective date of this amendment, and such individual's next benefit year shall extend from the end of such current benefit year to the thirty-first day of May, one thousand nine hundred and forty-four."

fund to an employe who fulfilled the requirements of Section 401 of the Act and who was not disqualified by any of the provisions of Section 402 of the Act.

Administration of the Act prior to 1943 did not in any way require that accounts be kept for each employer. Not until the Act of 1943 provided for experience rating was there any necessity for charging an employer account with benefits paid. Determination of "total wages paid by an employer to his compensated employes", credits for reëmployment, and the total payroll now required that an employer account be set up which would be charged and credited accordingly.

To secure "employer's experience", Section 301 (a) (4) required that contributions must have been paid by a given employer "for at least four full calendar years, whether prior or subsequent to the adoption of this amendment . . ." Appellant having succeeded to the business of the partnership, must be given full credit for the years during which the partnership made contributions: Section 301 (g) of the Act of 1943. Appellant must be deemed to have contributed to the fund from 1937 to 1943 inclusive, with the exception of the first quarter of 1940, a total of six years and eight months, and continuously since May 1, 1940.

Appellee contends that appellant was not potentially chargeable for three successive years immediately preceding the computation date and therefore could not have acquired three successive years of employer experience, immediately preceding the computation date. Its argument is based upon definitions applicable solely to an "employe". The basic erroneous assumption is that an employe's base year must refer to employment by a given employer who has made application for a reduced rate of taxation. It is argued that a claimant whose benefit year began at any time during the first quarter of 1941 would have as his base year the last quarter of 1939 and the first three quarters of 1940; that only wages earned by him during these quarters would be taken

into consideration in determining both financial eligibility for benefits and the amount thereof; that to be potentially chargeable for the first quarter of 1941, an employer must have given employment during a minimum successive period of 1941 and the last two quarters of 1940; and, that, to acquire employer experience during the three years immediately preceding the computation date, a minimum of three and one-half years continuous employment immediately preceding that date must have been given by the employer seeking the reduced rate. The fallacy of this logic is patent.

A "base year" as defined, represents a formula by which the amount of benefits to be received from the fund is determined. The designated period of time does not refer to employment with any designated employer. The legislature has not so provided and any rule or regulation to that effect promulgated by the Department would be a nullity.[4] If appellee's contention were sustained, an employe would be required to have been employed by a given employer throughout the period of his "base year". Should he at any time thereafter voluntarily cease to be so employed, he would be required to again be employed by a given employer a sufficient length of time to enable him to again establish a "base year". This result was never intended and to so hold would defeat the evident scheme of the Unemployment Compensation Law and not be in accord with its salutary purposes. An employe need not have been employed for the entire period included in his "base year". The Act prescribed the period during which his earnings were to be considered in determining the amount of benefits to be received. An employe's record of employment for the required calendar quarters irrespective of where employed fulfills the statutory requirement as regards his "base year". Whether benefits would have

---

[4] Section 201, 43 PS Section 761, provides: "Such rules and regulations shall not be inconsistent with the provisions of this act."

been payable during his "benefit year" would have been dependent upon his earnings within that "base year".

The Act did not require that the employer's account be "potentially chargeable" during the three year period used in determining the experience percentage. Appellee's argument if followed would lead to the inevitable conclusion that there could never be three successive years immediately preceding the computation date for the reason that December 31 of any given year would be within a present calendar quarter and the base period of an employer would include only the first four of the last *preceding* five calendar quarters. Notwithstanding this fact the legislature nevertheless provided that determination of experience rating on January 1, 1944, should include *only* the three successive years immediately preceding the computation date.

Delay in payment of benefits and continued payment of benefits rendering an employer's account chargeable long after an employe had ceased to work for such employer would not have prevented application of the formula for unemployment experience for three successive years immediately preceding the computation date.

The reduced rate resulting from application of the formula provided by the Act bears a direct relation with respect to unemployment risk during not less than the three consecutive years immediately preceding the computation date. Appellant fully complied with all requirements of the Act in effect on January 1, 1944, and its rights thereunder must be recognized. All parties have agreed that if an experience rating should have been allowed the applicable rate was one per centum.

Appellee further contends that to sustain appellant's contention will prevent the Act from conforming with the requirements of Section 1602 of the Internal Revenue Code: 26 U.S.C.A. Section 1602(a)(1). This contention cannot be sustained. Section 1602(a)(1) provides: "No reduced rate of contributions to a pooled

fund or to a partially pooled account, is permitted to a person (or group of persons) having individuals in his (or their) employ except on the basis of his (or their) experience with respect to unemployment or other factors bearing a direct relation to unemployment risk during not less than the three consecutive years immediately preceding the computation date."

Section 301(a)(4) complied with these requirements. The legislature required, in addition to three successive calendar years immediately preceding the computation date, that the employer must have paid contributions for at least four full calendar years. Appellant, given the benefit of contributions paid by its predecessor, has paid to the fund for at least four full calendar years, three of which were immediately preceding the computation date and was, therefore, entitled to an experience rating of one per centum.

The contention that a rate based on three years experience immediately preceding the computation date would not comply with the federal law, as potentially a true employment risk did not exist, is without merit. The Act has never required any base period as regards an employer. If it be assumed that an employer's account could have been charged six months after the involuntary unemployment of one of its employes had begun, the formula, nevertheless, reasonably reflected a rate based on experience with respect to unemployment and had a direct relation to unemployment risk during the three consecutive years immediately preceding the computation date.

The plain words of the statute cannot be disregarded under the pretext of accomplishing a given purpose: Statutory Construction Act of 1937, P. L. 1019, 46 PS Section 551. Particularly is this true where, as here, the language is not equivocal and a literal application of the language will not defeat the purpose of the legislation. The Act in plain language provided that contributions must have been paid for "four full calendar

240

years". Equally clear is the requirement that three of these four years must be successive and immediately precede the computation date. It did not provide that the "four full calendar years" be successive and immediately precede the computation date. Had the legislature so intended it would have so provided: Cf. *Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 645, 40 A.2d 30. The answer is that it did not.

The decree of the court below is reversed and the record remanded for the entry of an order consistent with this opinion. Costs to be paid by appellee.