Bearing Service Company, Appellant, *v.* Unemployment Compensation Board of Review.

Argued November 15, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*G. W. Smith,* with him *Wick, Smith & Hodel,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

PER CURIAM, January 12, 1951:

The sole question involved in this appeal is whether the benefits claimant admittedly is entitled to should be charged against the account of appellant, the base year employer.

In *Commonwealth v. Sun Ray Drug Co.,* 360 Pa. 230, 61 A. 2d 350, the Supreme Court said (p. 237): "A 'base year' as defined, represents a formula by which the amount of benefits to be received from the fund is determined. The designated period of time does not refer to employment with any designated employer. The legislature has not so provided and any rule or regulation to that effect promulgated by the Department would be a nullity. If appellee's contention were sustained, an employe would be required to have been employed by a given employer throughout the period of his 'base year'. Should he at any time thereafter voluntarily cease to be so employed, he would be required to again be employed by a given employer a sufficient length of time to enable him to again establish a 'base year'. This result was never intended and to so hold would defeat the evident scheme of the Unemployment Compensation Law and not be in accord with its salutary purposes. An employe need not have been employed for the entire period included in his 'base year'. The Act prescribed the period during which his earnings were to be considered in determining the amount of

benefits to be received. An employe's record of employ-ment for the required calendar quarters [the first four of the last five] irrespective of where employed ful-fills the statutory requirement as regards his 'base year'."

If only the "amount" charged to appellant's account were at issue we would agree with appellee that the matter should first have been appealed to the Court of Common Pleas of Dauphin County, as provided by §301 of the Act, amended by the Act of May 26, 1949, P. L. 1854, 43 PS §781. But since, as stated in the de-cision of the Board, appellant "protests *any* charges against its account" on the ground that claimant left its employ without good cause, that question was "nec-essarily involved" in its decision and thus became sub-ject to judicial review by this Court, as provided by §510, 43 PS §830. (Emphasis added.)

Decision affirmed.