## Fernald Appeal

*Roger B. Reynolds,* for appellant.

*Federico F. Mauck,* for zoning board of adjustment.

GERBER, J., July 9, 1958.—This case is before the court on a writ of certiorari issued to the Board of Adjustment of Lower Merion Township. The record certified to this court in response to the aforementioned

writ reveals the following facts: Mason Fernald et ux., appellants herein, acquired title on March 12, 1956, to a parcel of land situate on the southeast corner of Spring Mill and Old Gulph Roads, Lower Merion Township. Comprising approximately 62,000 square feet, it has a frontage on Spring Mill Road of 245.7 feet and 267 feet on Old Gulph Road. The tract is located in an R-1 residence district, the highest zoning classification in the township, which embraces almost all of the northern third of the township. Situate on the tract are two buildings. One is a large three-story mansion which is 50 or 60 years old. The other is an accessory building consisting of an apartment with two bedrooms, a living room, a dining room, kitchen and bathroom being over a two-car garage and storeroom. The mansion has been divided into two apartments, each with a separate basement and each with its own heating unit. The owners and their four children live in one apartment. In addition to having the basement, this apartment consists of a first floor with entrance hall, hall stairway, living room, library, dining room, pantry, kitchen and powder room, a second floor with master bedroom, adjoining bath, three other bedrooms, one additional bath, a third floor having four bedrooms, two baths and an enclosed porch. The other apartment, occupied by a tenant, in addition to its basement, has a first floor with kitchen and living room, a second floor with three bedrooms and bathroom. The conversion of the house into the aforesaid two units was authorized by a special exception granted in 1950 to appellants' grantors.

When the aforementioned special exception was granted the property was part of a seven and one-half-acre tract containing the two buildings hereinbefore mentioned and one additional single-family dwelling. Appellants' grantors, prior to the conveyance to appel-

lants, had prepared a plan of subdivision, which the record indicates was approved in two successive stages, dividing this seven and one-half-acre tract into six lots, one of which, containing approximately 62,100 square feet, is the one involved in this case. On July 24, 1956, a few months after appellants went into possession, the superintendent of the building regulations department of the township notified appellants that the special exception was personal to appellants' grantors and that the two-family use of the mansion house was no longer legal and had to be discontinued. Appellants applied for a special exception and/or variance to continue the use, maintaining, however, that they were not required to do so since they contended that the special exception granted to their grantors remained in full force.

The hearing held on October 25, 1956, before the board of adjustment developed the following:

By ruling dated July 27, 1950, Rowland Evans and Elizabeth Evans, his wife, appellants' grantors, were granted a special exception to convert the mansion house into a two-family dwelling limited by the following terms:

"The special exception is personal, it shall not run with the land upon any conveyance or leasing thereof, it is limited to the use permitted in this grant and it is subject to cancellation if the conditions are not complied with or are violated."

The foregoing special exception was granted pursuant to section 1608(a) of the then effective zoning ordinance. Under the ordinance as revised in 1951, this section was modified and renumbered section 2105. This latter section was the basis for appellants' application in the instant appeal. The two sections are substantially similar. The section as it read before the 1951 amendment is quoted in its entirety as follows:

"Sec. 1608 (a). The Board of Adjustment may permit as a special exception the conversion of a building on a designated lot into a dwelling for more than one family in R-1, R1A, R-2, R-3, R-4 and R-4A Residence Districts provided that . . .

"(b) the lot area per family is not reduced thereby to an amount less than that required by this ordinance for the district in which the designated lot is located . . .

"Should the Board of Adjustment decide to grant a special exception the order of the Board shall specify the maximum number of families permitted to occupy such building and may contain such conditions and restrictions with respect to the conversion and to the use of the building and to the use of the lot as the Board may consider appropriate."

Section 402 of article IV of the Lower Merion Township Zoning Ordinance states:

"1. LOT AREA AND WIDTH. A lot area of not less than 30,000 square feet, and a lot width of not less than 90 feet, at the building line, or at the point of the proposed building closest to the street and extending the full depth of the building, shall be provided for every *building* hereafter erected or used for any use permitted in this district." (Italics supplied).

When the original special exception was granted there was no question concerning the minimum area requirements of the zoning ordinance since four families were to occupy seven and one-half acres.

The present site comprising approximately 62,000 square feet does not allow for the requirement of 30,000 square feet of lot area per family.

The board of adjustment concluded that the special exception granted in 1950 had been voided because it was personal in nature and was expressly prohibited from running with the land upon any conveyance or

leasing of the premises and for the further reason that, by virtue of the conveyances, the parcel of ground was less than 90,000 square feet of lot area and that the continuance of three families on said parcel of ground would be in violation of the zoning ordinance.

The board stated that under section 1608($a$) it could not grant appellants the special exception because the very section of the ordinance relied upon by appellants limited the discretion of the board in granting such a special exception only to those situations where the lot area per family would not be reduced below that required by the ordinance. The board did, however, grant to appellants a "temporary variance" to permit the continued occupancy of the mansion house by two families, for a period not exceeding five years to expire January 1, 1962, in order to give the new owner an opportunity to adjust himself.

From this decision an appeal was taken and argued before the court en banc. No additional testimony was taken.

Appellants argue that the board was in error. Appellants contend that a special exception cannot be personal and, if granted, must run with the land. Appellants argue that the ordinance contains no lot area per family requirement in an R-1 zone but contains solely a building lot area requirement. Appellants contend that they conform to the requirement set forth in section 402 of article IV, which requires a lot area of not less than 30,000 square feet per building, in that they have in excess of 60,000 square feet of lot area for the two buildings on their tract. From the foregoing appellants contend that they do not require any new special exception nor do they require any variance but that they may continue to use the property as it has been used under the special exception granted by the board of adjustment in 1950.

This court is of the opinion that a special exception or a variance, although it may be granted conditionally or limited in time or use in any manner consistent with the ordinance always runs with the land and cannot be personal. In Schwartz v. Wagner, 72 Montg. 470, 473 (1956), this court said:

"Applications for variances or special exceptions are proceedings in rem, they have to do with the use and not the ownership of land. 'A variance granted is a vested right, and a purchaser of the property takes the right to the variance with the land free from those zoning restrictions to which the variance pertains.' 8 McQuillan, Municipal Corporations, §25.163, p. 284. Although variances and exceptions differ in many respects, once granted they have the same effect. They run with the land. It follows that a special exception once granted remains in effect unless terminated by some provision of the zoning ordinance . . ."

Whoever may be the owner of a given tract of land bears no reasonable relationship to the spirit and purpose of zoning acts and ordinances. Zoning ordinances have to do with the use and not the ownership of land.

The ordinance is silent as to "lot area per family" in an R-1 residence district. It contains merely a provision concerning "lot area per building."

Section 401 of the ordinance provides that a single-family detached dwelling is permitted in an R-1 residence district. Section 2105 provides that a single-family dwelling may be converted into a dwelling for a greater number of families in an R-1, R-2, R-3, R-4, R-5 and R-6 residence district, subject to the requirements that "the lot area per family is not reduced thereby to an amount less than that required by this ordinance for the district in which the designated lot is located."

By virtue of the fact that the R-1 residence district is silent as to lot area per family the reference in section 2105 to lot area per family insofar as it refers to an R-1 residence district is of no help at all. Thus, it would appear that so long as appellants comply with the requirements of R-1 to the extent that there is present a lot area of not less than 30,000 square feet for each building, they are in conformity with the requirements of the zoning ordinance. See Elkins Park Improvement Association Zoning Case, 361 Pa. 322 (1949).

We would be reading provisions into the ordinance which are not there were we to accept the position of the board. The plain words of a statute cannot be disregarded under the pretext of accomplishing a given purpose, particularly where a literal application of the language will not defeat the purpose of the legislation: Commonwealth v. Sun Ray Drug Company, 360 Pa. 230 (1948). A literal interpretation of the provision of the ordinance as contended by appellants is not inconsistent with the plan encompassed in the ordinance to prevent the crowding of land. The ordinance requires that no more than 15 percent of the lot be built upon. This means that in the case of a 30,000 square foot lot, the minimum open space must measure 25,500 square feet. This is ample space for light and air under almost any likely conversion of a single-family dwelling into multiple-family use. Especially is this so when we note that the legislative body provided in the ordinance that in granting a special exception to convert an existing dwelling into a dwelling for a greater number of families in an R-1 zone, the board may restrict the maximum number of families permitted to occupy the building and may prescribe such further conditions and restrictions with respect to the conversion and use of the building and the use of the lot as the board may consider appropriate.

The court is of the opinion that the rule requiring strict interpretation of a statute or ordinance which is in derogation of common law right of property is applicable in this case. Zoning laws are in derogation of the common law and of the rights and privileges guaranteed by the Constitutions of the United States and the Commonwealth of Pennsylvania and, as such, must be strictly construed.

In view of the foregoing, it is unnecessary to discuss whether or not appellants are entitled to a variance as requested in their original application.

The remaining question to be decided is whether or not the township may impose an additional charge of $84.95 on appellants for the notes of testimony. Section 2204 of the ordinance provides for reimbursement to the township by the applicant for the cost of taking stenographic notes of testimony in excess of 10 pages. The power of the township to so act can be found in that section of The First Class Township Code of June 24, 1931, P. L. 1206, 53 PS §56552, which states:

"To make and adopt all such ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances, and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures."

That appellants did not order the transcript is immaterial.

And now, to wit, July 9, 1958, the decision of the Board of Adjustment of Lower Merion Township is set aside, and it is hereby ordered, adjudged and decreed that the premises in this case are subject to the special exception granted to Rowland and Elizabeth W. Evans on July 27, 1950, on appeal no. 1024 by the Board of Adjustment of Lower Merion Township.